# EXHIBIT A

*State Court
Summons and Complaint*

1/4/2018 9:32 AM

SUMM
Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

DANIELLE CURLEY, on behalf of
herself and all others similarly situated,

        Plaintiff,

    vs.

CUSTOMER CONNEXX, LLC; ARCA,
INC.; and DOES 1 through 50, inclusive,

       Defendant(s).

Case No.: A.18-767155-c

Dept. No.: 14

### SUMMONS – CIVIL

**NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against

you for the relief set forth in the Complaint.

   1. If you intend to defend this lawsuit, within 20 days after this Summons is served

     on you, exclusive of the day of service, you must do the following:

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

a. File with the Clerk of this Court, whose address is shown, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

| | |
|---|---|
| Submitted by: | STEVEN D. GRIERSON<br>CLERK OF COURT    1/4/2018 |
| /s/Mark R. Thierman | By: |
| Mark R. Thierman<br>Joshua D. Buck<br>Leah L. Jones<br>*Attorneys for Plaintiff* | Deputy Clerk                    Date<br>Ondina Amos<br>Regional Justice Center<br>200 Lewis Avenue<br>Las Vegas, NV 89155 |

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

Electronically Filed
1/3/2018 12:58 PM
Steven D. Grierson
CLERK OF THE COURT

COMJD
Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DANIELLE CURLEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CUSTOMER CONNEXX LLC; ARCA, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:   A-18-767155-C<br><br>Dept. No.:   Department 14<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br><br>2) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016;<br><br>3) Failure to Pay Minimum Wages in Violation of the Nevada Constitution;<br><br>4) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018;<br><br>5) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050; and<br><br>6) Breach of Contract.<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff DANIELLE CURLEY on behalf of herself and all other similarly situated and typical persons and alleges the following:

- 1 -
COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

1    All allegations in the Complaint are based upon information and belief except for those
2    allegations that pertain to the Plaintiff named herein and her counsel. Each allegation in the
3    Complaint either has evidentiary support or is likely to have evidentiary support after a
4    reasonable opportunity for further investigation and discovery.

5                              **JURISDICTION AND VENUE**

6        1.    The Court has original jurisdiction over both state and federal claims alleged
7    herein. The Court has original jurisdiction over the state law claims alleged herein because the
8    amount in controversy exceeds $10,000 and a party seeking to recover unpaid wages has a
9    private right of action pursuant to Nevada Revised Statute ("NRS") sections 608.050, 608.250,
10   and 608.140. *See Lucatelli v. Texas De Brazil (Las Vegas) Corp.*, 2:11-CV-01829-RCJ, 2012
11   WL 1681394 (D. Nev. May 11, 2012) ("[T]he Nevada Supreme Court recently held that NRS §
12   608.040 contains a private cause of action because it is "illogical" that a plaintiff who can
13   privately enforce a claim for attorneys' fees under NRS § 608.140 cannot privately enforce the
14   underlying claim the fees arose from."); *Busk v. Integrity Staffing Solutions, Inc.*, 2013 U.S.
15   App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013) ("Nevada Revised Statute § 608.140 does
16   provide a private right of action to recoup unpaid wages."); *Doolittle v. Eight Judicial Dist.*
17   *Court*, 54 Nev. 319, 15 P.2d 684; 1932 Nev. LEXIS 34 (Nev. 1932) (recognizing that former
18   employees have a private cause of action to sue their employer (as well as third party property
19   owners where the work was performed) for wages and waiting penalties under NRS 608.040
20   and NRS 608.050). The Court has jurisdiction over the federal claims alleged herein pursuant to
21   Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

22       2.    Plaintiff is seeking to recover unpaid wages due pursuant to Nevada statutory
23   authority and pursuant to an agreement (implied by law and fact) to pay for all hours worked
24   and/or under the wage laws of the State of Nevada. Plaintiff therefore has a private right of
25   action pursuant to Nevada Revised Statute ("NRS") Sections 608.040 and 608.140 as well as a
26   claim for at least minimum wages for all hours worked "off-the-clock" pursuant to Section 16
27   of Article 15 of the Nevada State Constitution. Plaintiff made a proper demand for wages due
28   pursuant to NRS 608.140 and by agreement of the parties.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

3.     Venue is proper in the Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in the judicial district and many of the acts complained of herein occurred in Clark County, Nevada.

**PARTIES**

4.     Plaintiff DANIELLE CURLEY (hereinafter "Plaintiff" or "Ms. Curley") is a natural person who is and was a resident of the State of Nevada and has been employed by Defendant as a non-exempt hourly employee in its Las Vegas facility during the relevant time period alleged herein.

5.     Defendant CUSTOMER CONNEXX LLC (hereinafter "Customer Connexx" or "Defendant") is a Nevada Limited Liability Company whose managing member is APPLIANCE RECYCLING CENTERS OF AMERICA, INC., located at 175 JACKSON AVENUE NORTH, SUITE 102, Hopkins, Minnesota 55343. Defendant is an employer engaged in commerce under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and is an employer under NRS 608.011.

6.     Defendant ARCA, INC. (hereinafter "ARCA" or "Defendant") is a foreign corporation incorporated in the state of Minnesota with a principal place of business at 175 JACKSON AVENUE NORTH, SUITE 102, Hopkins, Minnesota 55343. Defendant is an employer engaged in commerce under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and is an employer under NRS 608.011.

7.     At all relevant times, each Defendant was an agent, employee, joint-venturer, shareholder, director, member, co-conspirator, alter ego, master, or partner of each of the other Defendants, and at all times mentioned herein were acting within the scope and course and in pursuance of his, her, or its agency, joint venture, partnership, employment, common enterprise, or actual or apparent authority in concert with each other and the other Defendants.

8.     At all relevant times, the acts and omissions of Defendants concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein. At all relevant times herein, Defendants approved of, condoned and/or otherwise ratified each and every one of the

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 3 -
COLLECTIVE AND CLASS ACTION COMPLAINT

1    acts or omissions complained of herein. At all relevant times herein, Defendants aided and

2    abetted the acts and omissions of each and every one of the other Defendants thereby

3    proximately causing the damages as herein alleged.

4          9.    The identity of DOES 1-50 is unknown at this time and the Complaint will be

5    amended at such time when the identities are known to Plaintiff. Plaintiff is informed and

6    believes that each Defendant sued herein as DOE is responsible in some manner for the acts,

7    omissions, or representations alleged herein and any reference to "Defendant," "Defendants,"

8    "Customer Connexx," or "ARCA" herein shall mean "Defendants and each of them."

9                            **FACTUAL ALLEGATIONS**

10         10.    Customer Connexx is a wholly-owned subsidiary of ARCA and operates as a

11   customer-care and contact center providing scheduling and customer service support for

12   ARCA's various utility programs and ventures.

13         11.    Upon information and belief, both Customer Connexx and ARCA jointly and

14   separately exercise control over the hours and other working conditions of Plaintiff and all

15   similarly-situated hourly employees.

16         12.    Plaintiff was employed by Defendants as a customer service representative at

17   their Las Vegas call center location from on or about November 1, 2016 to on or about August

18   1, 2017.

19         13.    Plaintiff was an hourly paid non-exempt employee who was paid $14.00 per

20   hour.

21         14.    Plaintiff was scheduled for, and regularly worked, at least 5 shifts per week, 8

22   hours per shift, and 40 hours per workweek. Plaintiff regularly worked Monday through Friday,

23   8:00 a.m. to 4:30 p.m, including a half-hour unpaid lunch break.

24         15.    In her role as a call center employee, Plaintiff had to perform work activities

25   before clocking-in and after clocking-out (i.e., "off-the-clock") and was not compensated for

26   engaging in those activities. At the beginning of the day, Plaintiff was required to boot up her

27   computer, load numerous programs to be used during her workday, and confirm that her phone

28

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 4 -
COLLECTIVE AND CLASS ACTION COMPLAINT

1  was connected and ready to accept calls.  Plaintiff estimates that it took her approximately 10

2  minutes to perform these work-related activities prior to clocking in.

3      16.    At the end of her workday, Plaintiff was then required to clock out of the

4  timekeeping system, shut down the various programs she used during her workday, power off

5  her computer, and wait to confirm that all systems were successfully powered down prior to

6  leaving.  Plaintiff estimates that it took approximately 10 minutes to perform these activities

7  after clocking out.

8      17.    For example, in the first full workweek in May 2017, from May 7th to May 13th,

9  Plaintiff is informed and believes that she was paid for 40 hours of work for work performed

10  during her regular shift hours but was not paid anything for time spent performing the pre- and

11  post-shift activities described above.  Defendants thus owe Plaintiff wages (both in the form of

12  overtime, regular rate, and minimum wages) for 10 minutes pre-shift and 10 minutes post shift

13  per day, for a total of 20 minutes for each of the five shifts worked during that workweek.  In

14  other words, Defendants owe Plaintiff $35.00 in overtime wages for this workweek.

15      18.    Upon information and belief, all call center employees employed by Defendants

16  were similarly required to perform these same pre- and post-shift activities without

17  compensation.

18      19.    The off-the-clock work requirements alleged herein caused Plaintiff and all other

19  similarly situated employees to work regular time and overtime for which they were either not

20  compensated or not properly compensated by Defendants. To the extent Plaintiff and other

21  employees worked more than 8 hours a day or 40 hours a week, the unpaid time should have

22  been paid at a rate of one-and-one-half times their regular rate of pay as required by law.

23      20.    Like all agreements, Defendants' agreement with its employees includes,

24  expressly and/or implicitly, an agreement to comply with all state and federal laws, and in

25  particular, the labor laws of the state of Nevada.

26                   **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

27      21.    Plaintiff realleges and incorporates by reference all the paragraphs above in the

28  Complaint as though fully set forth herein.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

22.    Plaintiff brings this action on behalf of herself and all other similarly situated and typical employees as both a collective action under the FLSA and a true class action under Nevada law, on behalf of the classes defined as follows:

      A.    **FLSA CLASS:** All hourly paid call center employees employed by Defendants in the United States at any time during the relevant time period alleged herein.

      B.    **NEVADA CLASS:** All hourly paid call center employees employed by Defendants in the state of Nevada at any time during the relevant time period alleged herein.

      C.    **WAGES DUE AND OWING CLASS:** All members of the NEVADA CLASS who are former employees.

23.    With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those that she seeks to represent for the following reasons, among others:

      A.    Defendants employed Plaintiff as an hourly employee who did not receive her regular rate of pay for all hours that Defendants suffered or permitted her to work, did not receive the required minimum wage for work performed for Defendants, and did not receive overtime premium pay of one and one half her regular rate of pay for all hours worked over forty (40) hours in a workweek.

      B.    Plaintiff's situation is similar to those she seeks to represent because Defendants failed to pay Plaintiff and all other FLSA Class Members for all time they were required to work, including time spent performing pre-shift and post-shift work activities without compensation after the work day had begun.

      C.    Common questions exist as to: Whether the time spent by Plaintiff and all other FLSA Class Members engaged in pre-shift and post-shift activities is compensable under federal law; and Whether Defendants failed to pay Plaintiff and FLSA Class Members one and one half times their regular rate for all hours worked in excess of 40 hours a week.

D.      Upon information and belief, Defendants employ, and have employed, in excess of 100 Class Members within the applicable statute of limitations.

E.      Plaintiff has signed a Consent to Sue form, which is attached to the Complaint as Exhibit "A". Consent to sue forms are not required for state law claims under Rule 23 of the Federal Rules of Civil Procedure.

24.     Rule 23 Class treatment is appropriate in the case for the following reasons:

A.      The Class is Sufficiently Numerous: Upon information and belief, Defendants employ, and have employed, in excess of 100 NEVADA Class Members within the applicable statute of limitations. Because Defendants are legally obligated to keep accurate payroll records, Plaintiff alleges that Defendants' records will establish the identity and ascertainably of members of the NEVADA Class as well as their numerosity.

B.      Plaintiff's Claims are Typical to Those of Fellow Class Members: Each NEVADA Class Member is and was subject to the same practices, plans, and/or policies as Plaintiff, as follows: Defendants required Plaintiff and NEVADA Class Members to engage in pre- and post-shift activities without compensation; Defendants failed to pay Plaintiff and NEVADA Class Members at their regular rate for all time spent on the above referenced activity, and if applicable time and one-half their regular rate if they worked in excess of 40 hours in a workweek or, if paid a base rate of less than one and one-half the minimum wage, then failed to pay a premium rate of one and one-half their regular rate if they worked more than 8 hours in a day; and Defendants failed to pay Plaintiff and WAGES DUE AND OWING Class Members all wages due and owing at the time of their termination or separation from employment.

C.      Common Questions of Law and Fact Exist: Common questions of law and fact exist and predominate as to Plaintiff and the Class, including, without limitation the following: Whether the time spent by Plaintiff and NEVADA Class Members engaging in pre-shift activities is compensable under federal and Nevada law; (3) Whether Defendants failed to pay a premium rate of one and one-half times their regular

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

rate for all hours worked in excess of 40 hours a week, and if they were paid less than one and one-half the minimum wage, then for all hours worked in excess of 8 hours a day; Whether Plaintiff and NEVADA Class Members were compensated for "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee" pursuant to the Nevada Administrative Code ("NAC") 608.115(1), and NRS 608.016; and Whether Defendants delayed final payment to Plaintiffs and WAGES DUE AND OWING Class Members in violation of NRS 608.020-050.

D.      Plaintiff Is an Adequate Representative of the Class: Plaintiff will fairly and adequately represent the interests of the Classes because Plaintiff is a member of the Classes, she has issues of law and fact in common with all members of the Classes, and she does not have any interests antagonistic to Class Members. Plaintiff and counsel are aware of their fiduciary responsibilities to Class Members and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for Class Members as a group.

E.      Predominance/Superior Mechanism: Common questions of whether Plaintiff and putative class members were compensated according to state and federal law predominate over individual questions.  A class action is superior to other available means for the fair and efficient adjudication of their controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate its employees in accordance with federal and Nevada wage and hour law. The prosecution of individual remedies by each Class Member will be cost prohibitive and may lead to inconsistent standards of conduct for Defendants and result in the impairment of Class Members' rights and the disposition of their interest through actions to which they were not parties.

## FIRST CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiff and all members of the FLSA CLASS)

25. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

26. 29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

27. By failing to compensate Plaintiff and FLSA Class Members for time spent engaging in pre-and post-shift activities, Defendants failed to pay Plaintiff and FLSA Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

28. Defendants' unlawful conduct has been widespread, repeated, and willful. Defendants knew or should have known that their policies and practices have been unlawful and unfair.

29. Wherefore, Plaintiff demands for herself and for all others similarly situated, that Defendants pay Plaintiff and FLSA Class Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

(On Behalf of Plaintiff and all members of the NEVADA CLASS)

30. Plaintiff realleges and incorporates by the reference all the paragraphs above in the Complaint as though fully set forth herein.

31. NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of her or her employment, and shall

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1    establish by decision of the court or verdict of the jury that the amount for which he or she has

2    brought suit is justly due, and that a demand has been made, in writing, at least 5 days before

3    suit was brought, for a sum not to exceed the amount so found due, the court before which the

4    case shall be tried shall allow to the Plaintiff a reasonable attorney fee, in addition to the amount

5    found due for wages and penalties, to be taxed as costs of suit." Plaintiff has made a demand

6    for unpaid wages upon Defendants pursuant to NRS 608.140 but satisfactory payment was not

7    received.

8         32.    NRS 608.016 states that "An employer shall pay to the employee wages for each

9    hour the employee works." Hours worked means any time the employer exercises "control or

10   custody" over an employee. *See* NRS 608.011 (defining an "employer" as "every person having

11   control or custody . . . of any employee."). Pursuant to the Nevada Administrative Code, hours

12   worked includes "all time worked by the employee at the direction of the employer, including

13   time worked by the employee that is outside the scheduled hours of work of the employee."

14   NAC 608.115(1).

15        33.    By failing to compensate Plaintiff and NEVADA Class Members for the time

16   spent engaging in pre-and post-shift, Defendants failed to pay Plaintiff and NEVADA Class

17   Members for all hours worked in violation of NRS 608.140 and 608.016.

18        34.    Although the statute of limitations for minimum wage violations is two years,

19   there is no express statute of limitations for violations of NRS 608.140 and 608.016 and,

20   therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

21        35.    Wherefore, Plaintiff demands for herself and for the NEVADA Class Members

22   payment by Defendants at the regular hourly rate of pay for all hours worked during the relevant

23   time period together with attorneys' fees, costs, and interest as provided by law.

24                              **THIRD CAUSE OF ACTION**

25         **Failure to Pay Minimum Wages in Violation of the Nevada Constitution**

26              (On Behalf of Plaintiff and all members of the NEVADA CLASS)

27        36.    Plaintiff realleges and incorporates by reference all the paragraphs above in the

28   Complaint as though fully set forth herein.

37.     Article 15 Section 16 of the Nevada Constitution sets forth the requirements the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of the section may not be waived by agreement between an individual employee and an employer. . . .   An employee claiming violation of the section may bring an action against her or her employer in the courts of the State to enforce the provisions of the section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of the section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce the section shall be awarded her or her reasonable attorney's fees and costs."

38.     By failing to compensate Plaintiff and all other members of the NEVADA Class for the time spent engaging in pre-and post-shift activities, Defendants failed to pay Plaintiff and NEVADA Class Members for all hours worked in violation of the Nevada Constitution.

39.     Wherefore, Plaintiff demands for herself and for the NEVADA Class Members payment by Defendants at their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all hours worked during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

### FOURTH CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018**

(On Behalf of Plaintiff and all members of the NEVADA CLASS)

40.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

41.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

42.     NRS 608.018(1) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

43.     NRS 608.018(2) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

44.     It would be unreasonable to assume the legislature provided a private cause of action for failure to pay minimum wage for all hours worked, but would not allow recovery of overtime wages in the same action based upon the same time periods worked.

45.     By failing to compensate Plaintiff and all other members of the NEVADA Class for the time spent engaging in pre and post-shift activities, Defendants failed to pay Plaintiff and NEVADA Class Members daily overtime premium pay to those NEVADA Class Members who were paid a regular rate of less than one and one-half times the minimum wage premium pay and, failed to pay a weekly premium overtime rate of pay of time and one half their regular rate for all members of the NEVADA Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

46.     Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations for failure to pay overtime rates of pay pursuant to NRS 608.140 and 608.018 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

47.     Wherefore, Plaintiff demands for herself and for the NEVADA Class Members payment by Defendants at one and one-half times their "regular rate" of pay (inclusive of the incentive plan payments) for all hours worked in excess of eight (8) hours in a workday for those class members whose regular rate of pay did not exceed the one and one-half the minimum wage set by law, and premium overtime rate of one and one-half their regular rate for all class members who worked in excess of forty (40) hours a workweek during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

/ / /

/ / /

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## FIFTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS**

**608.140 and 608.020-.050**

(On Behalf of Plaintiff and the WAGES DUE AND OWING CLASS)

48.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

49.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

50.     NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

51.     NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

52.     NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

53.     By failing to pay Plaintiff and all members of the NEVADA Class for all hours worked in violation of state and federal law, at the correct legal rate, Defendants have failed to timely remit all wages due and owing to Plaintiff and all members of the WAGES DUE AND OWING Class.

54.     Despite demand, Defendants willfully refuse and continue to refuse to pay Plaintiff and all WAGES DUE AND OWING Class Members.

- 13 -
COLLECTIVE AND CLASS ACTION COMPLAINT

55.     Wherefore, Plaintiff demands thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, all members of the WAGES DUE AND OWING Class together with attorneys' fees, costs, and interest as provided by law.

## SIXTH CAUSE OF ACTION

### Breach of Contract

(On Behalf of Plaintiff and the NEVADA CLASS)

56.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

57.     At all times relevant herein, Defendants had an agreement with Plaintiff and with every NEVADA Class Member to pay an agreed upon hourly wage rate for all hours they worked for Defendants. Indeed, Defendants offered to pay Plaintiff and NEVADA Class Members a specific rate of pay in exchange for Plaintiff and NEVADA Class Members' promise to perform work for Defendants.

58.     The parties' employment agreement necessarily incorporated all applicable provisions of both state and federal law, including the labor laws of the State of Nevada.

59.     Defendants beached their agreement with Plaintiff and NEVADA Class Members by failing to compensate them for all hours worked, namely, for hours spent performing work activities off-the-clock at the agreed upon rate of pay.

60.     As a result of Defendants' breach, Plaintiff and NEVADA Class Members have suffered economic loss that includes lost wages and interest.

61.

62.     Wherefore, Plaintiff demands for herself and for NEVADA Class Members that Defendants pay Plaintiff and NEVADA Class Members their agreed upon rate of pay for all hours worked off the clock during the relevant time period alleged herein together with attorney's fees, costs, and interest as provided by law.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial pursuant to Nevada Rule of Civil Procedure 38.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP<br>
7287 Lakeside Drive<br>
Reno, NV 89511<br>
(775) 284-1500 Fax (775) 703-5027<br>
Email info@thiermanbuck.com www.thiermanbuck.com

## PRAYER FOR RELIEF

Wherefore Plaintiff, individually and on behalf of Class Members, prays for relief as follows relating to her collective and class action allegations:

1.  For an order conditionally certifying the action under the FLSA and providing notice to all members so they may participate in the lawsuit;

2.  For an order certifying the action as a traditional class action under Federal Rule of Civil Procedure Rule 23 on behalf of each proposed class;

3.  For an order appointing Plaintiff as the Representative of each class and her counsel as Class Counsel for each class;

4.  For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week;

5.  For liquidated damages pursuant to 29 U.S. C. § 216(b);

6.  For damages according to proof for regular rate pay under NRS 608.140 and 608.016 for all hours worked;

7.  For damages according to proof for minimum wage rate pay under the Nevada Constitution for all hours worked;

8.  For damages according to proof for overtime compensation under NRS 608.140 and 608.018 for all hours worked for those employees who earned a regular rate of less than one and one-half times the minimum wage for hours worked in excess of 8 hours per day and/or for all class members for overtime premium pay of one and one-half their regular rate for all hours worked in excess of 40 hours per week;

9.  For sixty days of waiting time penalties pursuant to NRS 608.140 and 608.040- .050;

10. For damages pursuant to Defendant's breach of contract;

11. For interest as provided by law at the maximum legal rate;

12. For reasonable attorneys' fees authorized by statute;

13. For costs of suit incurred herein;

- 15 -
COLLECTIVE AND CLASS ACTION COMPLAINT

14.    For pre-judgment and post-judgment interest, as provided by law; and

15.    For such other and further relief as the Court may deem just and proper.

DATED: January 3, 2018                    Respectfully Submitted,

                                          **THIERMAN BUCK LLP**


                                          /s/Mark R. Thierman
                                          Mark R. Thierman
                                          Joshua D. Buck
                                          Leah L. Jones

                                          Attorneys for Plaintiff

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 16 -
COLLECTIVE AND CLASS ACTION COMPLAINT

### Index of Exhibits

| No. | Description | No. of Pages |
|-----|-------------|--------------|
| A. | Consent to Sue | 2 |

COLLECTIVE AND CLASS ACTION COMPLAINT

# EXHIBIT A

# Consent to Sue

# EXHIBIT A

1  Mark R. Thierman, Nev. Bar No. 8285
   mark@thiermanbuck.com
2  Joshua D. Buck, Nev. Bar No. 12187
   josh@thiermanbuck.com
3  Leah L. Jones, Nev. Bar No. 13161
   leah@thiermanbuck.com
4  THIERMAN BUCK LLP
   7287 Lakeside Drive
5  Reno, Nevada 89511
   Tel. (775) 284-1500
6  Fax. (775) 703-5027

7

8  *Attorneys for Plaintiffs*

9                        **DISTRICT COURT**

10                  **CLARK COUNTY, NEVADA**

11  DANIELLE CURLEY, on behalf of herself      Case No.:
12  and all others similarly situated,
                                               Dept. No.:
13              Plaintiff,
                                               **CONSENT TO JOIN**
14       vs.

15
    CUSTOMER CONNEXX LLC; ARCA,
16  INC.; and DOES 1 through 50, inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

- 1 -
CONSENT TO JOIN

DocuSign Envelope ID: CFB5B52F-B24D-4D0E-8D24-4C750F0F3E00

1   Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), the undersigned hereby

2   gives my consent in writing to become a party plaintiff against my Employer, Former Employer,

3   and/or any and all its affiliated entities identified below.  I authorize the filing of a copy of this

4   consent form in Court.  I further consent to join this and/or any subsequent or amended suit

5   against the same or related defendant for wage and hour violations.

6   Dated this ____ day of _____10/26/2017_____ , 2017

7

8   Nam __

   (Please Print)

9   Signatu

10

11   Employ  __

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com; www.thiermanbuck.com

- 1 -
CONSENT TO JOIN