**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DANIELLE CURLEY, | Case No. 2:18-cv-00233-APG-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| CUSTOMER CONNEXX LLC, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff Danielle Curley's Motion for Leave to File Amended Complaint to Substitute Named Plaintiff (ECF No. 32), filed on August 30, 2019. Defendants filed a Response (ECF No. 37) on September 13, 2019, and Plaintiff filed a Reply (ECF No. 38) on September 19, 2019. The Court also considered Defendants' Supplemental Brief (ECF No. 39), filed on January 7, 2020 and Plaintiff's Supplemental Brief (ECF No. 44) filed on January 15, 2020.[1] Finally, also before the Court is the parties' Proposed Revised Joint Stipulated Discovery Plan (ECF No. 41) filed on January 7, 2020. The Court finds these matters properly resolved without a hearing. *See* Local Rule 78-1.

**I.  BACKGROUND**

The parties are familiar with the facts of this case and the Court will not repeat them here except as necessary. The named Plaintiff has become unresponsive and thus, is not capable of acting as a collective or class representative. (ECF No. 32). Consequently, two opt-in Plaintiffs Cariene Cadema and Andrew Gonzales want to be substituted as the named plaintiffs. (*Id*). Defendants oppose the request because the motion to amend the pleadings deadline expired on January 2, 2019 and Plaintiff's request is not supported by good cause under Fed.R.Civ.P. 16. (ECF No. 16). Plaintiff replies that the more liberal Fed.R.Civ.P. 15(a) standard should apply and

---

[1] The Court granted Defendants' request to file a supplemental brief and provided Plaintiff with the opportunity to file a response. (ECF No. 42).

the case has been conditionally certified pursuant to 29 U.S.C. §216(b).  (ECF No. 38).  Defendants' supplemental brief argues that the two opt-in plaintiffs that are seeking the substitution are not adequate class representatives if they made materially inconsistent statements and their deposition testimony is provided to the Court.  (ECF No. 39).  Plaintiff responds that adequacy of representation is not required in a collective action under the Fair Labor Standards Act and should be left for the later Rule 23 certification stage.  (ECF No. 44).  Finally, the parties submit a revised proposed discovery plan and scheduling order for the Court's approval.  (ECF No. 41).

## II. ANALYSIS

### a. Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires."  The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id*. at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must also show good cause to reopen the amendment period and excusable neglect for the delay. *See* Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); *see also* Fed. R. Civ. P. 16(b)(4).  In evaluating excusable neglect, the court weighs: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's

conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)). The weight assigned to these factors is left to the court's discretion. *Id.* When a court can "conceive of facts that would render plaintiff's claim viable," or "it appears at all possible that the plaintiff can correct the defect," an amendment should not be found futile. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (internal quotation marks and citations omitted).

The procedural posture of this case makes it difficult to assess whether Rule 15's or Rule 16's standard applies. On March 7, 2019, Magistrate Judge Foley held a hearing regarding Plaintiff's Motion for Circulation of Notice of Pendency (ECF No. 19). He took the matter under submission and vacated the current discovery deadlines, which included the motion to amend the pleadings deadline of January 2, 2019 set by the discovery plan and scheduling order (ECF No. 16). (ECF No. 27). Subsequently, Plaintiff filed the instant Motion for Leave to Amend on August 30, 2019. As a result, the Court could interpret the Motion as being made under a non-expired motion to amend the pleadings deadline, which would fall under Rule 15(a), given that the prior deadlines were vacated. However, given the parties' unreasonable delay in submitting a revised discovery plan, which should have been submitted prior to Plaintiff filing the instant Motion, and the fact that the revised discovery plan that the Court adopts, as set forth below, includes the same January 2, 2019 motion to amend the pleadings deadline, the Court finds that the applicable standard under the circumstances is that Plaintiff must demonstrate good cause to reopen the amendment period and excusable neglect for the delay.

Under the FLSA, an employee may initiate a class action on behalf of himself or herself and other similarly situated people. 29 U.S.C. § 216(b). The requirements for class action certification under Fed.R.Civ.P. 23(a) do not apply to claims arising under the FLSA. *See Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977). Given Plaintiff's fairly light burden at this stage of the proceeding, the Court finds that the requested substitution of Cadema and Gonzales for Curley should be granted. As for Plaintiff's delay until August 30, 2019 in filing the instant motion for leave to amend, it is disturbing as it appears as though counsel knew that

Curley was unresponsive prior to that date. However, amendment at this stage would be neither extraordinarily disruptive nor prejudicial to Defendants. Indeed, Defendants are clearly aware of the proposed named plaintiffs to be substituted as they have conducted their depositions. Moreover, Defendants' arguments about the inconsistent statements of Cadema and Gonzales in their depositions versus the allegations of the Amended Complaint, while persuasive, are not sufficient to justify denying the amendment at this stage. Defendants have not shown that the proposed named Plaintiffs will not be able to state a plausible claim, just that they expect they will not be able to ultimately serve as adequate class representatives.

Finally, the Court does not find that Plaintiff acted in bad faith in requesting the amendment. Indeed, the passage of time is not reason enough to preclude amendment. *See, e.g., Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party."). Therefore, the Court finds good cause to reopen the amendment period and excusable neglect for the delay and will grant Plaintiff's Motion (ECF No. 32).

### b. Discovery Plan

On March 7, 2019, Magistrate Judge Foley vacated the current discovery deadlines and ordered the parties to submit a new proposed scheduling order to the Court after his Order on Plaintiff's Motion for Circulation of Notice of Pendency (ECF No. 19) was issued. (ECF No. 27). Subsequently, he issued the Order (ECF No. 28) on May 13, 2019 and the parties' new proposed discovery plan and scheduling order was immediately due. However, the parties waited until January 7, 2020 to file a proposed discovery plan and scheduling order (ECF No. 41). The untimely submission is not supported by an acceptable explanation of the reason for the delay and the Court does not condone the manner in which counsel handled this filing. Nevertheless, in an effort to expeditiously resolve this case in accordance with Fed.R.Civ.P. 1, the Court will approve the proposed discovery plan deadlines. As for the parties' dispute on the scope and limits of discovery, the Court will approve Defendants' positions set forth on page 5-7 as it finds that

individualized discovery in this collective action is relevant and proportional to the needs of this matter, especially given the number of opt-in plaintiff is relatively small.

### III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff Danielle Curley's Motion for Leave to File Amended Complaint to Substitute Named Plaintiff (ECF No. 32) is **granted**. Plaintiff shall file and serve the amended pleading in accordance with Local Rule 15-1.

IT IS FURTHER ORDERED that the Proposed Revised Joint Stipulated Discovery Plan (ECF No. 41) is **granted** with Defendants' position on the scope of the limits of discovery being adopted by the Court.

DATED: January 16, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE