Paul T. Trimmer
Nevada State Bar No. 9291
**JACKSON LEWIS, P.C.**
3800 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
Tel: (702) 921-2460
Email: trimmerp@jacksonlewis.com

Veronica T. von Grabow
*Admitted pro hac vice*
950 17th Street, Suite 2600
Denver, CO 80202
Tel: (303) 225-2419
Email: veronica.vongrabow@jacksonlewis.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIELLE CURLEY, on behalf of herself and all others similarly situated,  Plaintiff,  vs.  CUSTOMER CONNEXX LLC; ARCA, INC.; and DOES 1 through 50, inclusive,  Defendants. | Case No. 2:18-cv-00233-APG-DJA  **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS** |

Defendants Customer Connexx, LLC and Appliance Recycling Centers of America, Inc. ("Defendants"), by and through their undersigned counsel, respectfully submit this Reply in support of their Motion for Sanctions (ECF No. 40).

It is undisputed that Plaintiff Danielle Curley ("Curley") is nonresponsive and did not appear for her deposition. Plaintiffs' counsel acknowledged as much in the response brief and further admitted that Curley has not been in contact with her counsel since June 2019 (i.e. for over seven months). (ECF No. 48 at 3.) Given that Curley is nonresponsive, she cannot participate

further in this case. Further, Curley has not provided the Court with any facts that justify her refusal to participate. It appears Curley is either unable, unwilling, or simply uninterested in pursuing her claims. Her dismissal is appropriate under any of these scenarios.

Although the Complaint was amended and Curley is no longer the named representative, Curley has filed a consent form and remains an opt-in plaintiff in this case. Opt-in plaintiffs under the FLSA are still parties to the case and required to participate in discovery.[1] Accordingly, Curley's failure to appear for her deposition, failure to propose an alternative deposition date, and failure to even communicate with her own counsel justifies her dismissal from this case.[2]

Dismissing Curley's claims for failure to appear for her deposition is consistent with the Court's prior Orders informing the parties that all plaintiffs, even opt-in plaintiffs, are required to participate in discovery. In its Order authorizing notice to be sent out to potential members of the collective action, the Court stated on May 13, 2019: "The Notice shall include an opt-in period of ninety (90) days, *and shall inform the recipients of their obligation to participate in discovery or appear at trial if they opt-in*." (ECF No. 28 at 10 (emphasis added).) Consistent with that Order, the collective action notice stated: "By joining this case, you may be required to respond to written discovery, appear for a deposition, or testify at trial." (ECF No. 29 at 5.) Although Plaintiffs later tried to argue that opt-in plaintiffs should not be required to participate in discovery (ECF No. 41

---

[1] Plaintiffs' response brief admits that opt-in plaintiffs have party status. (ECF No. 40 at 4 n.3.) *See also Ridgeway v. Wal-Mart Stores, Inc.,* No. 08-cv-5221, 2016 U.S. Dist. LEXIS 116748, at *6-9 (N.D. Cal. Aug. 30, 2016) ("Even if Krohn were to continue as a class member rather than as a named plaintiff, it would still be within Wal-Mart's rights to seek his deposition.").

[2] Contrary to Plaintiffs' hyperbolic response brief, Defendants' Motion is not a "set up … to extinguish the entire case," or "gamesmanship." (ECF No. 48 at 1.) As stated in Defendants' Motion, Defendant seeks "sanctions against Plaintiff Danielle Curley, up to and including *dismissal of her claims*." (ECF No. 40 at 1-2.) Defendants did not ask for dismissal of other plaintiffs' claims or any sanctions against other plaintiffs or plaintiffs' counsel.

at 4-7), the Court adopted Defendants' position and stated: "individualized discovery in this collective action is relevant and proportional to the needs of this matter." (ECF No. 45 at 4-5.)

Dismissing Curley's claims for failure to appear for her deposition and participate in discovery is also broadly supported by case law in the Ninth Circuit. *See Kiskaden v. CDCR Comm'r,* No. 17-cv-8638, 2018 U.S. Dist. LEXIS 209759, at *6 (C.D. Cal. July 24, 2018) ("Although dismissal may appear to be a drastic sanction, it is appropriate where a party is uncooperative and non-responsive."); *Ambrosia v. Cogent Communs., Inc.,* 312 F.R.D. 544, 559 (N.D. Cal. 2016) (dismissing wage claims of opt-in plaintiffs who "failed to communicate with their counsel, appear for noticed depositions, or otherwise participate in this litigation"); *Saravia v. Dynamex, Inc.,* No. 14-cv-5003, 2016 U.S. Dist. LEXIS 136134, at *11-12 (N.D. Cal. Sep. 29, 2016) (dismissing, with prejudice, the FLSA claims of opt-in plaintiffs who failed to appear for their depositions without justification); *Lewis v. Nev. Prop. 1, LLC,* No. 2:12-cv-1564-MMD-GWF, 2014 U.S. Dist. LEXIS 27443, at *4 (D. Nev. Mar. 4, 2014) ("Courts have dismissed, with prejudice, the FLSA and class action claims of opt-in plaintiffs who have failed to comply with court orders requiring them to appear for depositions or respond to discovery.").

If Curley's claims go forward and Defendants are not provided an opportunity to cross-examine her, Defendants' ability to defend themselves against Curley's claims will be hamstrung. Defendants will not only be deprived of the right to depose Curley under Federal Rules of Civil Procedure, Defendants will be deprived of their due process rights. *See Gen. Signal Corp. v. MCI Telecomms. Corp.,* 66 F.3d 1500, 1508 (9th Cir. 1995) (indicating that denial of the right to cross-examine is a denial of due process); *Clutchette v. Procunier,* 497 F.2d 809, 818-19 (9th Cir. 1974) ("[I]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses."

(quotation omitted)); *Harries v. United States,* 350 F.2d 231, 236 (9th Cir. 1965) ("The right to cross examine a witness is fundamental in our judicial system.").

Here, Curley's claims cannot go forward because she is nonresponsive. For all of the reasons set forth above and in Defendants' initial brief, Defendants respectfully request that the Court grant the Motion for Sanctions and dismiss Curley's claims.

Respectfully submitted this 28th day of January, 2020.

> */s/ Veronica T. von Grabow*
> Paul T. Trimmer
> Nevada State Bar No. 9291
> JACKSON LEWIS, P.C.
> 3800 Howard Hughes Pkwy., Suite 600
> Las Vegas, NV 89169
> Tel: (702) 921-2460
> Email: trimmerp@jacksonlewis.com
>
> Veronica T. von Grabow
> *Admitted pro hac vice*
> 950 17th Street, Suite 2600
> Denver, CO 80202
> Tel: (303) 225-2419
> Email: veronica.vongrabow@jacksonlewis.com
>
> *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 28th day of January, 2020, I caused to be served via the Court's CM/ECF Filing, a true and correct copy of the above foregoing document properly addressed to the following:

Mark R. Theirman, Esq.
Joshua D. Buck, Esq.
Leah L. Jones, Esq.
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511

*Attorneys for Plaintiff Danielle Curley*

*/s/ Veronica T. von Grabow*
Employee of Jackson Lewis P.C.