1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Paul T. Trimmer
Nevada State Bar No. 9291
**JACKSON LEWIS, P.C.**
3800 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
Tel:  (702) 921-2460
Email:  trimmerp@jacksonlewis.com

Veronica T. von Grabow
*Admitted pro hac vice*
950 17th Street, Suite 2600
Denver, CO 80202
Tel:  (303) 225-2419
Email:  veronica.vongrabow@jacksonlewis.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIELLE CURLEY, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>CUSTOMER CONNEXX LLC; ARCA, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00233-KJD-GWF<br><br>**DEFENDANTS' ANSWER**<br>**TO AMENDED COMPLAINT** |

Defendants Customer Connexx, LLC and ARCA, Inc.[1] ("Defendants"), by and through their

undersigned counsel, file their Answer to Plaintiffs' First Amended Collective and Class Action

Complaint ("Amended Complaint"), and show the Court as follows:

Answering the introductory paragraph of Plaintiffs' Amended Complaint, Defendants deny

that each allegation in the Complaint has evidentiary support or is likely to have evidentiary support

---

[1] JanOne, Inc., formerly known as Appliance Recycling Centers of America, Inc., is misidentified in the Complaint as "ARCA, Inc." Defendants maintain that ARCA, Inc. is not a proper party because it did not employ Plaintiffs or any of the persons that Plaintiffs seek to represent. Nothing herein should be interpreted to the contrary.

after further investigation and discovery. Defendants deny any remaining allegations in the introductory paragraph.

### JURISDICTION AND VENUE

1.      The allegations of Paragraph 1 contain legal conclusions to which no answer is required. If, however, an answer is required, Defendants admit only that this Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367. Defendants deny all of the remaining allegations contained in paragraph 1 of Plaintiffs' Amended Complaint.

2.      Defendants admit only that Plaintiffs are seeking to recover allegedly unpaid wages under various theories of Nevada law. Defendants deny that Plaintiffs can recover under any of those theories and deny that Plaintiffs made a proper demand for wages under Nev. Rev. Stat. § 608.140 or by agreement of the parties. Defendants deny all remaining allegations contained in paragraph 2 of Plaintiffs' Amended Complaint.

3.      The allegations of Paragraph 3 contain legal conclusions to which no answer is required. If, however, an answer is required, Defendants admit only that Defendant Customer Connexx LLC conducts business in this judicial district, that the allegations arise from Clark County, Nevada, and that venue is proper in this United States District Court because it is the district and division embracing the place where the State Court Action was pending prior to removal. Defendants deny all of the remaining allegations contained in paragraph 3 of Plaintiffs' Amended Complaint.

### PARTIES

4.      Defendants admit only that Plaintiff Cariene Cadena is a person and, for a period of time, was an employee of Defendant Customer Connexx LLC at its Las Vegas facility and was treated as non-exempt and paid hourly rates. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding her residence. Defendants deny all

remaining allegations contained in paragraph 4 of Plaintiffs' Amended Complaint.

5. Defendants admit only that Plaintiff Andrew Gonzales is a person and, for a period of time, was an employee of Defendant Customer Connexx LLC at its Las Vegas facility and was treated as non-exempt and paid hourly rates. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding his residence. Defendants deny all remaining allegations contained in paragraph 4 of Plaintiffs' Amended Complaint.

6. Defendants admit only that Defendant Customer Connexx LLC is a limited liability company registered in Nevada. Defendants further admit that Defendant Customer Connexx LLC is an employer engaged in commerce. Defendants deny all remaining allegations contained in paragraph 6 of Plaintiffs' Amended Complaint.

7. Defendants deny the allegations contained in paragraph 7 of Plaintiffs' Amended Complaint.

8. Defendants deny the allegations contained in paragraph 8 of Plaintiffs' Amended Complaint.

9. Defendants deny the allegations contained in paragraph 9 of Plaintiffs' Amended Complaint.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding unidentified "DOES 1-50."

## FACTUAL ALLEGATIONS

11. Defendants admit only that Customer Connexx LLC operates a customer-care and contact center providing scheduling and customer service. Defendants deny all remaining allegations contained in paragraph 11 of Plaintiffs' Amended Complaint.

12. Defendants admit only that Customer Connexx LLC exercised control, to some extent, over Plaintiffs' hours and other working conditions. Defendants deny all of the remaining

allegations contained in paragraph 12 of Plaintiffs' Amended Complaint.

13.    Defendants admit only that Plaintiffs were employed by Customer Connexx LLC as employees at its call center in Las Vegas for a period of time. Defendants deny all of the remaining allegations contained in paragraph 13 of Plaintiffs' Amended Complaint.

14.    Defendants admit only that Customer Connexx employed Plaintiff Cadena for approximately the dates stated. Defendants deny all remaining allegations contained in paragraph 14 of Plaintiffs' Amended Complaint.

15.    Defendants admit only that Customer Connexx employed Plaintiff Gonzales for approximately the dates stated.  Defendants deny all remaining allegations contained in paragraph 15 of Plaintiffs' Amended Complaint.

16.    Defendants admit only that Plaintiffs worked various schedules.  Defendants deny all of the remaining allegations contained in paragraph 16 of Plaintiffs' Amended Complaint.

17.    Defendants deny the allegations contained in paragraph 17 of Plaintiffs' Amended Complaint.

18.    Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Amended Complaint.

19.    Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Amended Complaint.

20.    Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Amended Complaint.

21.    Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Amended Complaint.

22.    Defendants deny the allegations contained in paragraph 22 of Plaintiffs' Amended Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Amended Complaint.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

24.     Defendants re-allege and incorporate by reference each and every response set forth in the preceding paragraphs of this Answer.

25.     Defendants admit only that Plaintiffs seeks bring this action on behalf of themselves and others allegedly similarly situated as a collective action and as a class action. Defendants deny that Plaintiffs are similarly situated to any other individuals, deny that this action may be certified as a class or collective action, and deny that the class definitions alleged are proper.  Defendants deny all remaining allegations contained in paragraph 25 of Plaintiffs' Amended Complaint.

26.     Defendants admit only that Customer Connexx LLC employed Plaintiffs and that what appears to be consent to sue forms signed by Plaintiffs are attached to the Complaint. Defendants deny all of the remaining allegations contained in paragraph 26 and all its subparts of Plaintiffs' Amended Complaint.

27.     Defendants deny the allegations contained in paragraph 27 and all its subparts of Plaintiffs' Amended Complaint.

## FIRST CAUSE OF ACTION

28.     Defendants re-allege and incorporate by reference each and every response set forth in the preceding paragraphs of this Answer.

29.     The allegations of Paragraph 29 contain legal conclusions to which no answer is required.  If, however, an answer is required, Defendants admit only that Paragraph 26 quotes a portion of 29 U.S.C. § 207.  Defendants deny that the quoted text is a complete description of applicable law.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiffs' Amended Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of Plaintiffs' Amended Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of Plaintiffs' Amended Complaint.

**SECOND CAUSE OF ACTION**

33.     Defendants re-allege and incorporate by reference each and every response set forth in the preceding paragraphs of this Answer.

34.     The allegations of Paragraph 34 contain legal conclusions to which no answer is required.  If, however, an answer is required, Defendants admit only that Paragraph 31 quotes a portion of Nev. Rev. Stat. § 608.140.  Defendants deny that the quoted text is a complete description of applicable law, deny that Plaintiffs made a proper demand for wages under Nev. Rev. Stat. § 608.140, and deny that Plaintiffs has not received satisfactory payment.  Defendants deny any remaining allegations contained in paragraph 34 of Plaintiffs' Amended Complaint.

35.     The allegations of Paragraph 35 contain legal conclusions to which no answer is required.  If, however, an answer is required, Defendants admit only that Paragraph 32 quotes portions of Nev. Rev. Stat. §§ 608.016, 608.011 and Nev. Admin. Code § 608.115.  Defendants deny that the quoted text is a complete or accurate description of applicable law and deny any remaining allegations contained in paragraph 35 of Plaintiffs' Amended Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiffs' Amended Complaint.

37.     The allegations of Paragraph 37 contain legal conclusions to which no answer is required.   If, however, an answer is required, Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Amended Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Amended Complaint.

**THIRD CAUSE OF ACTION**

39.     Defendants re-allege and incorporate by reference each and every response set forth in the preceding paragraphs of this Answer.

40.     The allegations of Paragraph 40 contain legal conclusions to which no answer is required.  If, however, an answer is required, Defendants admit only that Paragraph 40 quotes

portions of Nev. Const. Art. 15, § 16.  Defendants deny that the quoted text is a complete or accurate description of applicable law and deny any remaining allegations contained in paragraph 40 of Plaintiffs' Amended Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Amended Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of Plaintiffs' Amended Complaint.

## FOURTH CAUSE OF ACTION

43.     Defendants re-allege and incorporate by reference each and every response set forth in the preceding paragraphs of this Answer.

44.     The allegations of Paragraph 44 contain legal conclusions to which no answer is required.

45.     The allegations of Paragraph 45 contain legal conclusions to which no answer is required.  If, however, an answer is required, Defendants admit only that Paragraph 45 quotes a portion of Nev. Rev. Stat. § 608.018.  Defendants deny that the quoted text is a complete description of applicable law.

46.     The allegations of Paragraph 46 contain legal conclusions to which no answer is required.  If, however, an answer is required, Defendants admit only that Paragraph 46 quotes a portion of Nev. Rev. Stat. § 608.018.  Defendants deny that the quoted text is a complete description of applicable law.

47.     Defendants deny the allegations contained in paragraph 47 of Plaintiffs' Amended Complaint.

48.     The allegations of Paragraph 48 contain legal conclusions to which no answer is required.  If, however, an answer is required, Defendants admit only that the statute of limitations for some minimum wage violations is two years.  Defendants deny the remaining allegations contained in paragraph 48 of Plaintiffs' Amended Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Amended Complaint.

**FIFTH CAUSE OF ACTION**

50.     Defendants re-allege and incorporate by reference each and every response set forth in the preceding paragraphs of this Answer.

51.     The allegations of Paragraph 51 contain legal conclusions to which no answer is required.

52.     The allegations of Paragraph 52 contain legal conclusions to which no answer is required.  If, however, an answer is required, Defendants admit only that Paragraph 52 quotes a portion of Nev. Rev. Stat. § 608.020.  Defendants deny that the quoted text is a complete description of applicable law.

53.     The allegations of Paragraph 53 contain legal conclusions to which no answer is required.  If, however, an answer is required, Defendants admit only that Paragraph 53 quotes a portion of Nev. Rev. Stat. § 608.040.  Defendants deny that the quoted text is a complete or accurate description of applicable law and deny all of the remaining allegations contained in paragraph 53 of Plaintiffs' Amended Complaint.

54.     The allegations of Paragraph 54 contain legal conclusions to which no answer is required.  If, however, an answer is required, Defendants admit only that Paragraph 54 quotes a portion of Nev. Rev. Stat. § 608.050.  Defendants deny that the quoted text is a complete or accurate description of applicable law and deny all of the remaining allegations contained in paragraph 54 of Plaintiffs' Amended Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of Plaintiffs' Amended Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of Plaintiffs' Amended Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Amended Complaint.

**SIXTH CAUSE OF ACTION**

58.     Defendants re-allege and incorporate by reference each and every response set forth in the preceding paragraphs of this Answer.

59. Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Amended Complaint.

60. Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Amended Complaint.

61. Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Amended Complaint.

62. Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Amended Complaint.

63. Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Amended Complaint.

## RESPONSE TO JURY TRIAL DEMAND

Defendants acknowledge that Plaintiffs have demanded a jury trial, but deny that Plaintiffs' claims are legally or factually viable so as to permit a jury trial and further deny that Plaintiffs are entitled to any judgment or relief whatsoever.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs or any person who Plaintiffs purport to represent are entitled to any of the relief sought in subparagraphs (1) through (15) of Plaintiffs' prayer for relief, or any relief whatsoever.

## GENERAL DENIAL

To the extent not expressly and specifically admitted herein, Defendants deny the allegations set forth in Plaintiffs' Amended Complaint.

## AFFIRMATIVE OR OTHER DEFENSES

## FIRST DEFENSE

Plaintiffs' Amended Complaint should be dismissed, in whole or in part, for failure to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim, are barred to the extent that they seek damages beyond the applicable limitations period.

## THIRD DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim, are barred to the extent that they have submitted false or inaccurate time records.  In such situations, the claims would be barred in whole or in part by estoppel, unclean hands, waiver, and other doctrines.

## FOURTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim, are barred because they were paid all wages due.

## FIFTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred to the extent that Defendants' actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations, and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

## SIXTH DEFENSE

Defendants' actions have been in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA, within the meaning of 29 U.S.C. § 260.  Thus, even if Defendants are found to have violated the FLSA, Plaintiffs are not entitled to liquidated damages under the FLSA.

## SEVENTH DEFENSE

Plaintiffs' claims against ARCA, Inc. should be dismissed because it did not employ

Plaintiffs.

**EIGHTH DEFENSE**

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim, are barred, in whole or in part, because any time that has not been compensated involves only insubstantial or insignificant periods of time, and these periods of time are "*de minimis*" as a matter of law, and are not compensable and do not trigger the beginning or end of compensable time.

**NINTH DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs seek compensation for activities that are non-compensable as preliminary and postliminary activities to Plaintiffs' principal activities which they are employed to perform.  For example, all activities related to booting up and shutting down a computer and loading and closing programs, to the extent performed by Plaintiffs or other employees, constitute activities which are preliminary or postliminary to any principal activities which such employees are employed to perform, and are not compensable.

**TENTH DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs seek compensation for activities that are non-compensable under the Portal-to-Portal Act including 29 U.S.C. § 254(a) or equivalent state law provisions.

**ELEVENTH DEFENSE**

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim, are barred, in whole or in part, because to the extent that they seek compensation for time spent waiting for their shifts to start, as such time is not compensable.

## TWELFTH DEFENSE

To the extent that Plaintiffs and others seek to use state or common law to enforce rights under the Fair Labor Standards Act, those claims are preempted by federal law.

## THIRTEENTH DEFENSE

Defendants are entitled to a setoff for any overpayments made to Plaintiffs and others who Plaintiffs seek to represent.  Any recovery should be offset to the extent that Plaintiffs or others received premium pay, pay for non-compensable time such as bona fide breaks, or any other forms of overpayments.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred because Defendant did not suffer or permit Plaintiffs or the putative class or collective plaintiffs to perform the work alleged or have actual or constructive knowledge of hours of allegedly compensable work.

## FIFTEENTH DEFENSE

The Fair Labor Standards Act, 29 U.S.C. §216(b), states "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." That statute prohibits Plaintiffs from asserting any claim that relies on the FLSA to establish the alleged substantive right to unpaid wages, overtime pay, liquidated damages, attorneys' fees, or other relief based on the FLSA, either directly under the FLSA or by any state law claim that depends on successful proof of the alleged FLSA right or obligation, on behalf of any employee who has not given his consent in writing to become such a party and whose consent has not been filed in the court in this action.

## SIXTEENTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim, are barred, in whole or in part, because they cannot establish that any acts or omissions of Defendants were willful.

## SEVENTEENTH DEFENSE

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim, are barred, in whole or in part, due to the doctrine of statute of frauds.

## EIGHTEENTH DEFENSE

Plaintiffs' allegations in the Complaint do not meet the requirements for a collective action and Plaintiffs cannot meet the requirements of 29 U.S.C. §216(b).  Plaintiffs' claims are barred to the extent that Plaintiffs seek to assert claims on behalf of other employees who are not similarly situated for purposes of the FLSA.

## NINETEENTH DEFENSE

Plaintiffs cannot maintain this action as a class action because Plaintiffs cannot meet the requirements of Rule 23.  For example, there are no questions of fact or law common to the proposed class that predominate over any questions affecting only Plaintiffs or individual class members; the representative party or parties will not fairly and adequately protect the interests of the proposed class; and a class action is not an appropriate method for the fair, efficient, and manageable adjudication of this controversy.

## TWENTIETH DEFENSE

Any award of damages should be barred or limited to the extent that the relief demanded by Plaintiffs is improper, inappropriate, exceeds the scope of permissible damages and remedies, and/or otherwise is not available under the laws upon which her claims rest.  Alternatively, in the event that Plaintiffs or any others are granted relief, such relief should be limited by the applicable provisions of any law upon which Plaintiffs' claims rest.

**TWENTY-FIRST DEFENSE**

Plaintiffs seek recovery of multiple claims and damages based upon the same alleged factual events.  Recovery of damages as to one of these claims bars recovery of like damages for any other claim(s).

Defendants reserve the right to amend its Answer or add further defenses that may become known after filing of the pleading.  Because the Amended Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, Defendants reserve the right to assert additional defenses or counterclaims in this action.

WHEREFORE, Defendants deny that Plaintiffs or any other persons on whose behalf Plaintiffs seek to assert a claim under the FLSA or state law are entitled to any remedy or relief in this action; Defendants request that the Court dismiss Plaintiffs' claims with prejudice; and Defendants request that it be awarded their attorneys' fees, costs and such further relief as the Court may deem appropriate.

Respectfully submitted this 31st day of January, 2020.

*/s/ Veronica T. von Grabow*
Paul T. Trimmer
Nevada State Bar No. 9291
JACKSON LEWIS, P.C.
3800 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
Tel:  (702) 921-2460
Email:  trimmerp@jacksonlewis.com

Veronica T. von Grabow
*Admitted pro hac vice*
950 17th Street, Suite 2600
Denver, CO 80202
Tel:  (303) 225-2419
Email:  veronica.vongrabow@jacksonlewis.com

***Attorneys for Defendants***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 1st day of January 31, 2020, I caused to be served via the Court's CM/ECF Filing, a true and correct copy of the above foregoing **DEFENDANTS' ANSWER TO AMENDED COMPLAINT** properly addressed to the following:

Mark R. Theirman, Esq.
Joshua D. Buck, Esq.
Leah L.  Jones, Esq.
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511

*Attorneys for Plaintiffs*

*/s/ Veronica T. von Grabow*
Employee of Jackson Lewis P.C.