# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIELLE CURLEY, | Case No. 2:18-cv-00233-APG-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| CUSTOMER CONNEXX LLC, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Motion for Sanctions (ECF No. 40), filed on January 7, 2020. Plaintiffs filed a Response (ECF No. 48) on January 21, 2020. Defendants filed a Reply (ECF No. 51) on January 28, 2020. Also before the Court is Plaintiffs' Motion for Reconsideration (ECF No. 50), filed on January 27, 2020. Defendants filed a Response (ECF No. 54) on February 10, 2020. The Court finds these matters properly resolved without a hearing. *See* Local Rule 78-1.

## I.     BACKGROUND

The parties are familiar with the facts of this case and the Court will not repeat them here except as necessary. The Court previously granted the substitution of named Plaintiff Danielle Curley for the currently named plaintiffs via the First Amended Complaint, as Curley had become unresponsive. (ECF No. 45). Defendants now request sanctions for Curley's failure to appear for her deposition up to and including dismissal of her claims. (ECF No. 40). Plaintiffs oppose by arguing Defendants were warned that Curley would not appear and informed that she has become unresponsive. (ECF No. 48). Defendants reply that dismissal is necessary because they are unable to do discovery on Curley's claims due to her being unresponsive. (ECF No. 51).

The Court also granted the parties' revised proposed discovery plan and scheduling order for the Court's approval. (ECF No. 45). In doing so, it resolved the parties' dispute on the scope of individualized discovery. (*Id*). Plaintiffs seek reconsideration for a more limited scope of

discovery that only permits a representative sample. (ECF No. 50). Defendants oppose citing case law that permits individualized discovery in cases with even more opt-ins and due to there being no clear error in the Court's Order. (ECF No. 54).

**II.   ANALYSIS**

    **a.   Motion to Sanctions**

Courts may impose sanctions for the failure of a party to appear for her deposition. Fed.R. Civ.P. 37(d)(1)(A). The sanctions that may be imposed include those listed in Rule 37(b)(2)(A)(i)–(vi), which include case-dispositive sanctions. *See* Fed. R. Civ. P. 37(d)(3). In addition, courts must award reasonable expenses, including attorneys fees, unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust. S*ee id*. The party facing sanctions bears the burden of establishing substantial justification or circumstances making an award of expenses unjust. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir.1994). A finding of bad faith is not a prerequisite for imposing sanctions under Rule 37(d), although a lack of bad faith may be considered in determining whether the imposition of sanctions would be unjust. *See id.*

Because the sanction of dismissal is drastic, courts must weigh five factors before entering default: (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Accordingly, the key factors are prejudice and the availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

In this case, Defendants request the case-dispositive sanction of dismissal of Curley's claims only for Curley's failure to appear at her deposition under Rules 37 and 41, as she was the only named Plaintiff at the time of her noticed deposition and she has become completely unresponsive and failed to prosecute the case. (ECF No. 40). In the alternative, Defendants

1 | request lesser sanctions of an order that Curley appear for a deposition, attorneys' fees for
2 | preparing for and appearing at the missed deposition and instant motion, and notification that
3 | failure to appear will result in further sanctions, up to and including dismissal. (*Id.* at 8).
4 | Plaintiffs oppose the sanctions request because counsel emailed the Defendants on August 14,
5 | 2019, prior to the deposition, to make them aware that Curley had become unresponsive and
6 | would not appear at the October 10, 2019 deposition. (ECF No. 48, 2).

Preliminarily, there is no dispute that the October 10, 2019 deposition of Curley was properly noticed. The mere fact that Plaintiffs' counsel emailed Defendants that Curley would not appear for her properly noticed deposition is not sufficient to relieve her of her duty to appear at a deposition. Her duty to appear is relieved only by obtaining either a protective order or an order staying the deposition pending resolution of the motion for protective order. *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). Indeed, Rule 37(d)(2) provides that the failure to appear for a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." This provision operates to bar a party who has not moved for a protective order from arguing that sanctions are improper given the objectionable nature of the disputed discovery. Accordingly, Rule 37(d)(2) dictates that a pending motion for protective order is a necessary, but not sufficient, condition to be excused for failing to attend a deposition. *Izzo v. Wal-Mart Stores, Inc.*, 2016 WL 409694, at *7 (D. Nev. Feb. 2, 2016).

Plaintiffs never moved for a protective order prior to her deposition and her failure to appear is not excused or substantially justified. Moreover, there is no dispute that Curley has become unresponsive and is not communicating with counsel, which resulted in her being removed as named Plaintiff. However, the Court is not persuaded that dismissal of Curley is warranted at this stage as there are less drastic sanctions available that would suffice to move this case forward. Plaintiffs argue that Curley has responded to written discovery and discovery has been proceeding with respect to the now named Plaintiffs. It will permit Curley one more chance to participate in discovery in this case. To the extent that Curley fails to comply with the Court's

Order and refuses to participate in discovery, then Defendants' may renew their request for dismissal of her claims.

The Court imposes the following sanctions in this case: Curley shall appear for a duly noticed deposition by Defendants. Plaintiffs shall pay the court reporter fees for Curley's nonappearance at the October 10, 2019 deposition. Defendants are also awarded the reasonable attorneys' fees it will incur in preparing for and conducting a second deposition of Curley. The Court further awards Defendants its reasonable attorneys' fees in meeting and conferring and filing the instant Motion for Sanctions. The parties shall meet and confer and attempt to agree on that amount. To the extent that no agreement can be reached, then Defendants shall file their motion for fees supported by y the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred within 14 days from today. Therefore, the Court finds it appropriate to sanction Plaintiffs for Curley's failure to appear at a properly noticed deposition and will grant Defendants' Motion for Sanctions (ECF No. 40) as outlined above.

### b. Motion for Reconsideration

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). This district's local rule LR 59-1 advises that "[a] party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented" except in narrow circumstances. *Id*. at (b). Further, LR 59-1(a) allows for reconsideration of an interlocutory order only in the following situations: "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

Plaintiffs do not set forth a valid reason why the Court should reconsider its Order ECF No. 45 as to the discovery plan's scope of individualized discovery. Indeed, Plaintiff's Motion does not argue that any of the above circumstances apply. Rather, they repeat their same argument presented to the Court as to why they wanted a more limited scope of discovery to a statistically significant representative sample. In doing so, Plaintiffs again rely on *Cranney v. Carriage Servs., Inc.*, 2008 WL 2457912 (D. Nev. June 16, 2008) and articulate the same argument they made in the proposed discovery plan. (ECF No. 50, 7; ECF No. 41, 4). However, the Court already addressed this argument in its Order by stating, "As for the parties' dispute on the scope and limits of discovery, the Court will approve Defendants' positions set forth on page 5-7 as it finds that individualized discovery in this collective action is relevant and proportional to the needs of this matter, especially given the number of opt-in plaintiff is relatively small." (ECF No. 45, 4-5).

To the extent that Plaintiffs are attempting to argue that the Court committed clear error or the initial decision was manifestly unjust, they significantly misrepresent the extent of the Court's Order and relevant case law. Contrary to Plaintiffs' claim that the Court's Order is in direct "contradiction with *Cranney* and the majority of federal district courts who limit individualized discovery in collective actions," the Court's Order took into account the size of the opt-ins here and proportionality of discovery for the needs of **this case**. (ECF No. 50, 8). Plaintiffs again fail to recognize that at the time the discovery plan was entered there were only 18 opt-ins.[1] Defendants have taken the depositions of the two named Plaintiffs. Plaintiffs' position is that those two depositions are enough for the scope of deposition discovery in this case. The Court is not persuaded and *Cranney* does not require the Court to prevent Defendants from taking any other depositions.

Similarly, even Plaintiffs concede that the class in *Cranney* consisted of 300 opt-ins, which is significantly distinguishably from the size of the opt-in class in this case, and thus, the proportionality of the limited scope of written discovery permitted by the Court is justified based

---

[1] Two other content forms have been filed untimely and without leave of the Court.

on the needs of this case. In fact, contrary to Plaintiff's representation of the case law, this District Court does not have a *per se* rule that requires limiting discovery to a representative sampling. *See, e.g., Sullivan v. Riviera Holdings Corp.*, 2015 U.S. Dist. LEXIS 192558, at *5 (D. Nev. Apr. 20, 2015) (rejecting the plaintiffs' assertion that "individualized discovery is rarely appropriate" in FLSA collective actions); *Slack v. Parball Newco, LLC*, 2018 U.S. Dist. LEXIS 49050, at *8 (D. Nev. Mar. 26, 2018) ("While the decisions on individualized discovery are highly fact-specific, common considerations are the number of opt-in plaintiffs and the type of discovery being requested, with individualized discovery being permitted more frequently in cases with relatively few plaintiffs and targeted written discovery."). Further, there are numerous cases with larger opt-in classes that permitted individualized discovery. *See, e.g.,* Slack, 2018 U.S. Dist. LEXIS 49050, at *8-10 (collecting cases). Additionally, most of the opt-ins reside in Las Vegas, they signed a consent notice that included information they may be required to respond to written discovery, and there is only one phase of discovery for the parties to obtain evidence supporting the claims and defenses. As a result, none of the grounds for reconsideration apply to warrant a change in the Court's decision. The Court will deny Plaintiffs' Motion.

### III.     CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion for Sanctions (ECF No. 40) is **granted in part and denied in part** as outlined above.

IT IS FURTHER ORDERED that Defendants are permitted to seek fees and costs for prevailing on the Motion for Sanctions (ECF No. 40) as stated above and to the extent a compromise cannot be reached, they may file a motion for those fees and costs within 14 days of this Order. A response is permitted 14 days after the motion is filed.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Reconsideration (ECF No. 50) is **denied**.

DATED: February 19, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE