Paul T. Trimmer
Nevada State Bar No. 9291
**JACKSON LEWIS, P.C.**
3800 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
Tel:  (702) 921-2460
Email:  trimmerp@jacksonlewis.com

Veronica T. von Grabow
*Admitted pro hac vice*
950 17th Street, Suite 2600
Denver, CO 80202
Tel:  (303) 225-2419
Email:  veronica.vongrabow@jacksonlewis.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CARIENE CADENA and ANDREW GONZALES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CUSTOMER CONNEXX LLC; ARCA, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00233-APG-DJA<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTION TO THE FEBRUARY 19, 2020 ORDER** |

Defendants Customer Connexx, LLC and Appliance Recycling Centers of America, Inc. ("Defendants"), by and through their undersigned counsel, respectfully submit this Response in opposition to Plaintiffs' Objection to the Portion of the Court's February 19, 2020 Order Allowing Individualized Discovery of Collective Action Opt-ins (ECF No. 56) ("Objection").  For all the reasons set forth herein, Plaintiffs' Objection should be denied.

## I.   __BACKGROUND__

This case was filed over two years ago on January 3, 2018.  (ECF No. 1-1).  Plaintiffs[1] allege they have not been paid adequately for time spent booting up and booting down their computers at the start and end of the workday.  (ECF No. 46 ¶¶ 17-18.)  Plaintiffs seek to bring this suit on behalf of themselves and all other employees of Defendants, as an opt-in collective action under the Fair Labor Standards Act ("FLSA") and as an opt-out class action under Rule 23.  (*Id.* ¶¶ 25-26.)

On February 5, 2019, Plaintiffs moved for authorization to send notice to putative members of the collective action pursuant to 29 U.S.C. § 216(b). (ECF No. 19.)  In response, Defendants argued, among other things, that Plaintiffs' proposed notice "fails to explain opt-in plaintiffs' obligations should they join the suit, such as participating in written discovery, depositions, and trial."  (ECF No. 25 at 16.)  In reply, Plaintiffs argued the notice should not contain any language explaining that opt-in plaintiffs have discovery obligations.  (ECF No. 26 at 11.)  The Court rejected Plaintiffs' argument, stating: "The Notice shall include an opt-in period of ninety (90) days, *and shall inform the recipients of their obligation to participate in discovery or appear at trial if they opt-in*."  (ECF No. 28 at 10.)  Accordingly, the Notice that was agreed on by the Parties informed all putative members of the collective action: "By joining this case, you may be required to respond to written discovery, appear for a deposition, or testify at trial." (ECF No. 29 at 5.)

On January 7, 2020, the Parties filed a Revised Joint Discovery Plan.[2]  (ECF No. 41.)  Therein, Plaintiffs argued that written and oral discovery should be limited to "a representative sampling of 10% of the opt-in plaintiffs who have signed consent to join forms."  (*Id.* at 4-5.)  At that time, only 18 individuals had submitted consent forms to opt-in.  (*Id.* at 3.)  Given that 10% of

---

[1] The original Named Plaintiff, Danielle Curley, stopped communicating with her counsel on or around June 2019 (ECF No. 48 at 3), and the Court granted leave for Plaintiffs to substitute Cariene Cadena and Andrew Gonzales as the named Plaintiffs.  (ECF No. 45.)

[2] An earlier Stipulated Discovery Plan was vacated. (*See* ECF Nos. 16, 27.)

18 is 1.8, Plaintiffs' proposal would have limited Defendants to taking only two depositions of opt-in plaintiffs.  At that time, Defendants had deposed exactly two opt-in plaintiffs, Cariene Cadena and Andrew Gonzales.  (ECF Nos. 39-1, 39-2.)  Thus, Plaintiffs' proposal would have effectively ended Defendants' ability to conduct discovery.   Defendants argued that Plaintiffs' proposed limits were inappropriate.  (ECF No. 41 at 5-7.)  Nevertheless, in an effort to be reasonable, Defendants volunteered "to limit written discovery on opt-in plaintiffs to fifteen interrogatories and fifteen requests for production per plaintiff, which is less than normally allowed under Federal Rules 33 and 34" and "to limit depositions of opt-in plaintiffs to four hours per plaintiff, which is less than normally allowed under Rule 30(d)."  (*Id*. at 5.)

On January 17, 2020, the Honorable United States Magistrate Judge Daniel J. Albregts "approved[d] Defendants' positions set forth on page 5-7 [of the Revised Joint Discovery Plan]," reasoning that "individualized discovery in this collective action is relevant and proportional to the needs of this matter, especially given the number of opt-in plaintiffs is relatively small." (ECF No. 45 at 4-5.)  Currently, there are only 20 opt-in plaintiffs who have filed consent forms.[3]

On January 27, 2020, Plaintiffs filed a Motion for Reconsideration.[4] (ECF No. 50.) Therein, Plaintiffs' argued that Magistrate Judge Albregts' decision was clear error and that Defendants' ability to conduct written and oral discovery should be limited to a so-called "statistically significant

---

[3]Plaintiffs filed eighteen consent forms on September 13, 2019. (ECF No. 35.) Plaintiffs filed two more consent forms in January 2020.  (ECF Nos. 43, 47.)  Pursuant to the Court's Order on conditional certification, individuals who filed consent forms after the September 3, 2019 deadline were required to show "good cause" and obtain leave of court to participate.  (ECF No. 28 at 10-11; *see also* ECF No. 30.)  Plaintiffs never did so.

[4] Local Civil Rule 26-7 states that discovery motions will not be considered unless the movant has "made a good faith effort to meet and confer" prior to filing. Although it is unclear whether that Rule applies to a motion for reconsideration of or objection to a discovery plan, Defendants note that Plaintiffs did not confer with Defendants prior to filing the Motion for Reconsideration or the instant Objection.

representative sampling of opt-in plaintiffs."[5]  (*Id.* at 3-4.)  Defendants timely submitted their response in opposition to Plaintiffs' Motion for Reconsideration.  (ECF No. 51.)

On February 19, 2020 Magistrate Judge Albregts' issued an order denying Plaintiffs' Motion for Reconsideration, which is the subject of Plaintiffs' instant Objection.  The Court held Plaintiffs' failed to satisfy the grounds for reconsideration, finding Plaintiffs "[did] not set forth a valid reason why the Court should reconsider its Order [concerning the discovery plan]" and, "[i]ndeed, [did not] argue any of the [circumstances for reconsideration] apply."  (ECF No. 55 at 5.) Moreover, the Court aptly found, "[t]o the extent the Plaintiffs are attempting to argue the Court committed clear error or the initial decision was manifestly unjust, they significantly misrepresent the extent of the Court's Order and relevant case law." *Id*.

Thereafter, Plaintiffs filed the instant Objection to Magistrate Judge Albregts' February 19, 2020 Order denying the Motion for Reconsideration.

## II.    STANDARD OF REVIEW

A magistrate judge may hear and determine any pretrial matter, subject to certain exceptions that do not apply here.  28 U.S.C.S. § 636(b)(1)(A); *accord* Local Rule IB 1-3 ("A magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A).").  The district judge may reconsider such pretrial matters only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C.S. § 636(b)(1)(A); *accord* Local Rule IB 3-1(a).  "This standard of review is significantly deferential to the initial ruling."  *Crown Bevs., Inc. v. Sierra Nev. Brewing Co.,* No. 3:16-cv-695-MMD-VPC, 2017 U.S. Dist. LEXIS 63146, at *16 (D. Nev. Apr. 26, 2017).  "A magistrate judge's

---

[5] Plaintiffs did not provide any expert evidence showing what sample size can be considered "statistically significant" in this case.  Presumably, they are renewing their request to limit Defendants' ability to conduct discovery to 10% of the opt-in plaintiffs, as that was the position that Magistrate Judge considered and rejected.

pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review," and the reviewing district judge "may not simply substitute its judgment for that of the deciding court." *Id.* at *16-17 (quotation omitted).  Further, a magistrate judges has "broad discretion" to make rulings on discovery matters. *Id.* at *19.  Objections to an order issued by a Magistrate Judge must be made within 14 days after service of the order.  Fed. R. Civ. Proc. 72(a).

## III.    ANALYSIS

### A.  Plaintiffs' Objection is Untimely and Meritless

As an initial matter, it is important to discern to which Magistrate Judge order Plaintiffs are objecting.   Plaintiffs' inaccurately frame their objection as pertaining to "Magistrate Judge Albregts' February 19 2020 Order granting Defendants' request to allow individualized discovery of all collective action opt-ins." (ECF No. 56 at 1.)  To be clear, the February 19 Order was to *deny* Plaintiffs' Motion for Reconsideration; it did not *grant* Defendants' discovery request.  (*See* ECF No. 55.)  Indeed, Plaintiffs' Objection focuses exclusively on issues concerning the scope of opt-in discovery that was decided by Magistrate Judge Albregts in the January 17 Order.  Since the order granting Defendants discovery request was issued on January 17, 2020 (ECF No. 45), Plaintiffs objection to it is untimely. Fed. R. Civ. Proc. 72(a).

Moreover, Plaintiffs' Objection fails to identify specific objections to the order denying reconsideration, as required by Rule 72(a).  Plaintiffs' Objection does not even address the standard for reconsideration, much less argue the Magistrate Judge in any way misapplied it.  (*See* ECF No. 56.)  Nor can they credibly do so.  Magistrate Judge Albregts correctly found that Plaintiffs' Motion for Reconsideration did not argue that any of the circumstances for reconsideration applied.  (ECF No. 55 at 5.)  Magistrate Judge Albregts also found that the January 17 Order was not clearly erroneous or manifestly unjust based on legal precedent, the number of opt-ins, and the proportionality of discovery for the needs of this case.  *Id*.  Plaintiffs' Objection fails to identify

how the February 19 Order denying reconsideration on these grounds is "clearly erroneous or contrary to law."  As such, Plaintiffs' Objection should be overruled.

### B.  Plaintiffs' Objection to the Discovery Plan Should Be Overruled

To the extent the Court considers Plaintiffs' untimely objection to the discovery plan, their objection should still be overruled. Parties to litigation are subject to discovery under the Federal Rules of Civil Procedure, and Plaintiffs Objection seeks to impose blanket restrictions on Defendants' right to conduct basic discovery on party witnesses.  In FLSA collective actions, an individual becomes a "party plaintiff" when he or she files a consent form to join the action. 29 U.S.C. § 216(b).  "The FLSA leaves no doubt that every plaintiff who opts in to a collective action has party status." *Campbell v. City of L.A.,* 903 F.3d 1090, 1104 (9th Cir. 2018) (quotation omitted). Once an opt-in plaintiff files a consent form, "there is no statutory distinction between the roles or nomenclature assigned to the original and opt-in plaintiffs." *Id.*

As recognized in recent FLSA cases in this district, it is permissible for defendants to perform discovery on all opt-in plaintiffs, particularly in cases where – as here – the opt-in class is relatively small.  Certainly, "there is no *per se* rule that requires the court to limit discovery to a representative sampling in the context of a class action under the Fair Labor Standards Act." *Sullivan v. Riviera Holdings Corp.,* No. 2:14-cv-165-APG-VCF, 2015 U.S. Dist. LEXIS 192558, at *5 (D. Nev. Apr. 20, 2015) (rejecting the plaintiffs' assertion that "individualized discovery is rarely appropriate" in FLSA collective actions).  "While the decisions on individualized discovery are highly fact-specific, common considerations are the number of opt-in plaintiffs and the type of discovery being requested, with individualized discovery being permitted more frequently in cases

1   with relatively few plaintiffs and targeted written discovery." *Slack v. Parball Newco, LLC,* No.

2   2:16-cv-02324-KJD-CWH, 2018 U.S. Dist. LEXIS 49050, at *8 (D. Nev. Mar. 26, 2018)).[6]

3         In *Slack,* there were three named plaintiffs and 80 opt-in plaintiffs.  *Id.* at *3.  The plaintiffs

4   argued that discovery "should be limited to a 10 percent sample" of opt-in plaintiffs.  *Id.* at *6-7.

5   The court decided to "allow individualized discovery on all named plaintiffs and opt-in plaintiffs."

6   *Id.* at *11.  The court reasoned that the "the size of the opt-in class is relatively small."  *Id.* at *10.

7   The court compared cases allowing individualized discovery with up to a few hundred plaintiffs

8   with cases limiting discovery to sample where there were thousands of opt-in plaintiffs:

9

10        *Compare Abubakar v. City of Solano,* No. 06-cv-2268-LKK-EFB, 2008 U.S. Dist.
          LEXIS 17456, 2008 WL 508911, at *1 (E.D. Cal. Feb. 22, 2008) (allowing
11        individualized discovery for all 150 opt-in plaintiffs, including requests for
          production and interrogatories), *and Ingersoll v. Royal & Sunalliance USA, Inc.,*
12        No. 05-cv-1744-MAT, 2006 U.S. Dist. LEXIS 50912, 2006 WL 2091097, at *3
          (W.D. Wash. July 25, 2006) (allowing individualized discovery from named
13        plaintiffs and all 34 opt-in plaintiffs), *and Coldiron v. Pizza Hut, Inc.,* No. CV03-
          05865TJHMCX, 2004 U.S. Dist. LEXIS 23610, 2004 WL 2601180, at *2 (C.D.
14        Cal. Oct. 25, 2004) (allowing individualized discovery for all 306 opt-in plaintiffs,
          including interrogatories, requests for production of documents, and requests for
15        admission), *with Cardoza v. Bloomin' Brands, Inc.,* 141 F. Supp. 3d 1137 (D. Nev.
          2015) (limiting discovery to ten percent of approximately 9,500 opt-in plaintiffs,
16        including interrogatories, requests for production, and requests for admission on
          randomly-selected opt-in plaintiffs, and a total of 95 depositions of opt-in plaintiffs
17        who were chosen for written discovery), *and Smith*, 236 F.R.D. at 358 (limiting
          discovery to a statistically-significant sample of 1,500 opt-in plaintiffs, without
18        prejudice for defendants to move to expand the number), *and Wellens v. Daiichi
          Sankyo Inc.,* No. C-13-00581-WHO (DMR), 2014 U.S. Dist. LEXIS 177877, 2014
19        WL 7385990, at *4 (N.D. Cal. Dec. 29, 2014) (limiting discovery to approximately
          forty percent of a class of 213 opt-in plaintiffs, including full discovery of named
20        plaintiffs, declarations from 39 opt-in plaintiffs, depositions of 25 opt-in plaintiffs,
          and interrogatory responses from 37 opt-in plaintiffs), *and Cranney*, 2008 U.S.
21        Dist. LEXIS 113606, 2008 WL 2457912, at *3 (limiting individualized discovery

22

23

24   ───────────────────

25   [6] Plaintiffs argued that Magistrate Judge Albregts' Order is in "direct contradiction" of "the district-
     wide practice of limiting individualized discovery in collective actions."  (ECF No. 50 at 2.)  The
26   *Slack* and *Sullivan* opinions from this district, issued in 2018 and 2015, clearly indicate that there
     is no "district-wide" practice of limiting discovery in collective actions.  Plaintiffs cite only two
27   decisions from this district; both are factually distinguishable and quickly becoming outdated.  (*Id.*
     at 7-8 (citing *Cranney v. Carriage Servs., Inc.,* 2008 WL 2457912 (D. Nev. June 16, 2008);
28   *Coleman v. Circus Circus Casinos, Inc.,* 2006 WL 8441914, at *8 (D. Nev. Jan. 26, 2006)).

Jackson Lewis P.C.
Las Vegas

7

to ten percent of approximately 300 opt-in plaintiffs, including interrogatories and requests for production of documents), *and Davis v. Westgate Planet Hollywood Las Vegas, LLC,* No. 2:08-cv-00722-RCJ-PAL, 2010 U.S. Dist. LEXIS 80787, 2010 WL 2872406, at *3-4 (D. Nev. 2010) (limiting discovery to ten percent of approximately 500 opt-in plaintiffs, including interrogatories, requests for production of documents, and depositions of 10 opt-in plaintiffs).

*Slack*, 2018 U.S. Dist. LEXIS 49050, at *8-10; *see also Sullivan*, 2015 U.S. Dist. LEXIS 192558, at *6 (allowing individualized discovery in case with 30 opt-in plaintiffs).

In this case, there are only 20 opt-in plaintiffs, which is clearly not enough to justify harsh limits and sampling.  This opt-in class of 20 plaintiffs is even fewer than in other cases allowing individualized discovery, such as *Slack* (80 opt-in plaintiffs), *Sullivan* (30 opt-in plaintiffs), *Abubakar* (150 opt-in plaintiffs), *Ingersoll* (34 opt-in plaintiffs), and *Coldiron* (306 opt-in plaintiffs).  This case is not remotely close in size to the cases finding that discovery should be limited to a sample of plaintiffs, such as *Cardoza* (9,500 opt-in plaintiffs), *Smith* (1,500 opt-in plaintiffs), *Wellens* (213 opt-in plaintiffs), *Cranney* (300 opt-in plaintiffs), and *Davis* (500 opt-in plaintiffs).

Cases with hundreds or thousands of opt-in plaintiffs are obviously distinguishable.  The *Cranney* opinion, which is the crux of plaintiffs' Objection, has been distinguished under similar circumstances by a judge in this district.  *See Sullivan*, 2015 U.S. Dist. LEXIS 192558, at *6 ("*Cranney*, like the remaining cases on which Plaintiffs rely, is factually distinguishable because this action merely involves thirty plaintiffs.").  Plaintiffs' reliance on *Cranney* is misplaced here, and they have not identified any cases (in this district or otherwise) where sampling limitations were applied to an opt-in class as small as the one in this case.

All of the cases cited above, including *Slack* and *Sullivan*, directly support Magistrate Judge Albregts's conclusion that "individualized discovery in this collective action is relevant and proportional to the needs of this matter, *especially given the number of opt-in plaintiff is relatively small*." (ECF No. 45 at 4-5 (emphasis added)).  It is untenable for Plaintiffs to argue that Magistrate

Judge Albregts' Order was "clearly erroneous or contrary to the law" in light of all the case law supporting his conclusion.

Looking beyond the size of the opt-in class, other factors in this case likewise favor individualized discovery, including (1) "most of the opt-in plaintiffs reside in Las Vegas,"[7] (2) "the opt-in plaintiffs chose to participate in this lawsuit knowing that they may be required to respond to discovery,"[8] and (3) "the parties agreed to conduct discovery in a single phase, making this the only opportunity for the parties to discover evidence supporting the claims and defenses in this matter."[9] *Slack,* 2018 U.S. Dist. LEXIS 49050, at *11.

Moreover, "fairness dictates that defendants should be permitted to conduct enough discovery to move for decertification and to support their defenses." *Id.* at *10 (D. Nev. Mar. 26, 2018). Plaintiffs are pursuing collective and class action claims against Defendants. Plaintiffs may seek to present testimony of opt-in plaintiffs at various stages in this litigation, including FLSA decertification, Rule 23 certification, summary judgment, and at trial. If Defendants are not given any opportunity to perform discovery on party witnesses who will testify against Defendants, Defendants' ability to defend themselves will be impeded to a severe degree.

Plaintiffs' proposal is inherently unreasonable. If Defendants are limited to deposing 10% of the 20 opt-in plaintiffs, then Defendants will be limited to taking only two depositions. Defendants have already taken two depositions of opt-in plaintiffs, and therefore Defendants' right

---

[7] Of the opt-in plaintiffs who filed consent forms in September 2019, 17 out of 18 live in Las Vegas, North Las Vegas, or Henderson, Nevada. (*See* ECF No. 35.) The two opt-in plaintiffs who filed consent forms in January were also residents of Las Vegas, at least as reflected on the class list produced to Plaintiffs to send out notices. Thus, 19 out of 20 (95%) of the opt-in plaintiffs reside locally and should be able to appear for a deposition without significant travel.

[8] As noted earlier, the collective action notice stated: "By joining this case, you may be required to respond to written discovery, appear for a deposition, or testify at trial." (ECF No. 29 at 5.)

[9] In the Joint Discovery Plan, there is no bifurcation of discovery; all discovery is being completed in a single phase. (*See* ECF No. 41 at 3-4, 8.)

to conduct discovery would effectively be ended under Plaintiffs' proposal.  Even if this were a routine case, Defendants would have the right to depose each party to the case and take up 10 depositions without leave of court, serve 25 written interrogatories on each party to the case, and serve an unspecified number of requests for production on each party to the case.  *See* Fed. R. Civ. P. 30(a)(1), 33(A)(1), 34(a).  Plaintiffs' proposal would severely restrict Defendants to serving discovery and taking depositions on only two party witnesses, which is blatantly unreasonable in a class action and collective action case.  These blanket restrictions on Defendants' discovery rights would be contrary to the Federal Rules on depositions and written discovery and to the overall scope of discovery allowed by the Federal Rules. *See* Fed. R. Civ. P. 26(b)(2) (providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). The severe restrictions proposed by Plaintiffs are so grave that they would violate Defendants' Due Process rights.[10]  Plaintiffs' argue that Magistrate Judge Albregtss's Order was clear error, but in reality it would be clear error to adopt the harsh restrictions proposed by Plaintiffs.

  Lastly, Plaintiffs are seeking broad, categorical restrictions on Defendants' right to conduct discovery on opt-in plaintiffs.  Magistrate Judge Albregts's discovery plan does not prohibit Plaintiffs from lodging an objection to a particular discovery request if they believe the particular request seeks information that is privileged, irrelevant, disproportionate, or otherwise outside the scope of discovery.  Plaintiffs' use hyperbolic language to describe *anticipated* discovery as seeking "documents likely required to be kept by the defendant-employer and not the employee,"

---

[10] *See Gen. Signal Corp. v. MCI Telecomms. Corp.,* 66 F.3d 1500, 1508 (9th Cir. 1995) (indicating that denial of the right to cross-examine is a denial of due process); *Clutchette v. Procunier,* 497 F.2d 809, 818-19 (9th Cir. 1974) ("[I]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." (quotation omitted)); *Harries v. United States,* 350 F.2d 231, 236 (9th Cir. 1965) ("The right to cross examine a witness is fundamental in our judicial system.").

"burdensome," "excessive, time consuming, and unproportionate," and "*a weapon* designed to overwhelm and intimidate." (ECF No. 56.)   But Plaintiffs have not identified any particular discovery requests that are objectionable.  If Plaintiffs are served with particular discovery requests that they view are objectionable, there are procedural options available to dispute those particular requests under the Federal Rules and Local Rules of this District. The Court need not address those issues at this time. *See Slack,* 2018 U.S. Dist. LEXIS 49050, at *11-12 (allowing discovery on opt-in plaintiffs but deferring resolution of issues with respect to particular discovery requests).

IV.   **CONCLUSION**

For all of the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' Objection.

Respectfully submitted this 12th day of March, 2020.

/s/ Veronica T. von Grabow
Paul T. Trimmer
Nevada State Bar No. 9291
JACKSON LEWIS, P.C.
3800 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
Tel:  (702) 921-2460
Email:  trimmerp@jacksonlewis.com

Veronica T. von Grabow
*Admitted pro hac vice*
950 17th Street, Suite 2600
Denver, CO 80202
Tel:  (303) 225-2419
Email:  veronica.vongrabow@jacksonlewis.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 12th day of March, 2020, I caused to be served via the Court's CM/ECF Filing, a true and correct copy of the above foregoing document properly addressed to the following:

Mark R. Theirman, Esq.
Joshua D. Buck, Esq.
Leah L.  Jones, Esq.
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511

*Attorneys for Plaintiffs*

*/s/ Veronica T. von Grabow*
Employee of Jackson Lewis P.C.
4824-7604-4727, v. 1