| | |
|---|---|
| **THIERMAN BUCK, LLP** | **JACKSON LEWIS** |
| Mark R. Thierman, Nev. Bar No. 8285 | Paul T. Trimmer, Nev. Bar No. 9291 |
| mark@thiermanbuck.com | Email: trimmerp@jacksonlewis.com |
| Joshua D. Buck, Nev. Bar No. 12187 | 3800 Howard Hughes Pkwy., Suite 600 |
| josh@thiermanbuck.com | Las Vegas, NV 89169 |
| Leah L. Jones, Nev. Bar No. 13161 | Tel: (702) 921-2460 |
| leah@thiermanbuck.com | |
| 7287 Lakeside Drive | Veronica T. von Grabow, *admitted pro hac vice* |
| Reno, Nevada 89511 | Veronica.vonGrabow@jacksonlewis.com |
| Tel. (775) 284-1500 | 950 17th Street, Suite 2600 |
| Fax. (775) 703-5027 | Denver, CO 80202 |
| | Tel: (303) 225-2419 |
| *Attorneys for Plaintiffs* | |
| | *Attorneys for Defendant Customer Connexx LLC; ARCA, INC.* |

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CARIENE CADENA and ANDREW GONZALES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CUSTOMER CONNEXX LLC; ARCA, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00233-APG-DJA<br><br>**STIPULATION FOR EXTENSION OF DISCOVERY DEADLINES**<br><br>**(First Request)** |

Plaintiffs CARIENE CADENA and ANDREW GONZALES ("Plaintiffs"), by and through their counsel of record THIERMAN BUCK, LLP, and Defendants CUSTOMER CONNEXX LLC and ARCA, INC., by and through their counsel of record, JACKSON LEWIS, P.C., hereby request that the Court grant the Parties request for an extension of time for all discovery deadlines in order to accommodate the issues related to the novel COVID-19 public health crisis. The Parties request a sixty (60) day extension on all deadlines as set forth herein.

/ / /

This is the Parties' first request for an extension of time.  This request is not intended for delay, and is made in good faith.

**A.     Initial Disclosures.**  Initial disclosures pursuant to F.R.C.P 26(a)(1)(A) were exchanged on November 1, 2018.[1]

**B.     Discovery Cut-Off Date.**  The current deadline is June 26, 2020.  The Parties propose the following discovery cut-off date to complete all discovery related to the scope of any class and/or subclasses, merits, and liability: **Tuesday, August 25, 2020**.

**C.     Amending the Pleadings:**  The last day to file motions to amend pleadings was Wednesday, January 2, 2019.  This deadline will not limit or enhance the rights of individuals to join this action under Section 216(b) of the Fair Labor Standards Act or Rule 23 of the Federal Rules of Civil Procedure.

**D.     Interim Status Report.**  In compliance with LR 26-3, the Parties submitted an interim status report on Thursday, January 31, 2019.  (ECF No. 18.)  The current deadline to submit the second interim status report is April 27, 2020.  The Parties propose the deadline for filing the second interim status report: **Friday, June 26, 2020**.

**E.     Motion for Class Certification.**  The Parties propose that the filing of Plaintiffs' motion for FRCP 23 class certification shall be thirty days after the close of Discovery or not later than **Thursday**, **September 24, 2020**.

---

[1] In addition to the Initial Disclosures the following discovery has also been completed: (1) Plaintiff propounded First Sets of Interrogatories and Requests for Production on Defendant on 2/4/19 and Defendant timely Answered and Objected on 3/15/19; (2) Defendant propounded First Sets of Interrogatories and Requests for Production on Plaintiff Curley on 2/26/19 and Plaintiff timely Answered and Objected on 4/9/19; (3) the deposition of putative substitution class representative Cadena was taken on 10/14/19; (4) the deposition of putative substitution class representative Gonzales was taken on 10/15/19; and (5) the deposition of Defendant's PMK was taken on 10/16/19.

In addition, and related to the discovery mechanism, Plaintiffs has filed a Motion Objecting to the portion of the Magistrate's February 19, 2020 Order (ECF No. 55) allowing for individualized discovery of collective action opt-ins.  *See* ECF No. 56.  Defendants have responded. *See* ECF No. 57.  No hearing has been set.

**F.     Disclosure of Expert Witnesses.** Plaintiffs timely disclosed their expert witness disclosures pursuant to F.R.C.P. 26(a)(2) on March 26, 2020. Defendants disclosures identifying rebuttal experts shall be extended thirty (30) days to on or before **May 27, 2020**.

**G.     Dispositive Motions.** Because the viability and scope of any collective or class action has not been decided by the Court, it is the Parties' position that it would be premature to establish a dispositive motion deadline at this time. The Parties propose that they confer and make a good faith effort to agree and submit an updated proposed scheduling order which includes deadlines regarding any additional interim status reports, dispositive motions, and trial ten (10) days after the Court rules on any motion directly related to FRCP 23 class certification and/or decertification of the conditionally certified FLSA Class. An updated scheduling order regarding relevant deadlines should be entered after FRCP class certification and collective action decertification has been decided.

**H.     Pre-Trial Order.** Because the viability and scope of any collective or class action has not been decided by the Court, it is the Parties' position that it would be premature to establish a pre-trial order deadline. The Parties propose that they confer and make a good faith effort to agree and submit an updated proposed scheduling order which includes deadlines regarding any additional interim status reports, dispositive motions, and trial ten (10) days after the Court rules on any motion directly related to FRCP 23 class certification and/or decertification of the conditionally certified FLSA Class. An updated scheduling order regarding relevant deadlines should be entered after FRCP class certification and collective action decertification has been decided.

**I.     F.R.C.P 26(a) (3) Disclosures.** The Parties agree to include their disclosures required by F.R.C.P. 26(a) (3) and any objections thereto in the joint pretrial order.

**J.     Alternative Dispute Resolution**. In compliance with LR 26-1(b)(7) the Parties certify that they have met and conferred about the possibility of using alternative dispute-resolution process including mediation, arbitration, and neutral evaluation. The Parties previously mediated this case on October 1, 2018, but were unable to reach a settlement. Given that this action is brought as a collective and class action, the Parties reserve the right to further

confer about the possibility of using alternative dispute resolution processes at the close discovery.

**K.     Alternative Forms of Case Disposition.**  In compliance with LR 26-1(b)(8), the parties have considered consenting to the assigned Magistrate Judge, as well as the Short Trial Program, but have not yet reached a decision.

**L.     Use of Electronic Evidence in Jury Trial.**  A jury trial has been demanded (ECF No. 1-1) and in compliance with LR 26-1(b)(9) the Parties anticipate that they will be presenting evidence in an electronic format to jurors for the purposes of jury deliberations, in the event this case is not resolved prior to trial.  The Parties stipulate and agree that any electronic evidence will be reduced to searchable .pdf documents or other reasonably usable formats, to the extent practicable, in compliance with the Court's requirements for the electronic jury display evidence system.

**M.     Extension of Scheduled Deadlines.**  The Parties agree to comply with LR 26-4, which states: Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect and comply with LR 26-4.  Any motion or stipulation to extend or to reopen discovery shall include:

   1)   A statement specifying the discovery completed;
   2)   A specific description of the discovery that remains to be completed;
   3)   The reasons why discovery remaining was not completed within the time limits set by the discovery plan; and
   4)   A proposed schedule for completing all remaining discovery.

**N.     Final Pretrial Conference.**  The Final Pretrial Conference shall be held two (2) weeks prior to the scheduled Trial Date.

**O.    Trial Date.**  The Parties believe setting a proposed trial date and length would be premature at this time.

Dated:  April 3, 2020

THIERMAN BUCK, LLP

*/s/  Leah L. Jones*
Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511
*Attorneys for Plaintiffs*

Dated:  April 3, 2020

JACKSON LEWIS

*/s/ Veronica T. von Grabow*
Paul T. Trimmer, Nev. Bar No. 9291
Email: trimmerp@jacksonlewis.com
3800 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
Tel: (702) 921-2460

Veronica T. von Grabow, *admitted pro hac vice*
Veronica.vonGrabow@jacksonlewis.com
950 17th Street, Suite 2600
Denver, CO 80202
Tel: (303) 225-2419
*Attorneys for Defendants*

**ORDER**

**IT IS SO ORDERED.**

DATED this 6th day of April, 2020

_____
Daniel J. Albregts
United States Magistrate Judge