Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| CARIENE CADENA and ANDREW GONZALES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CUSTOMER CONNEXX LLC; JANONE INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-00233-APG-DJA<br><br>**SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br><br>2) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016;<br><br>3) Failure to Pay Minimum Wages in Violation of the Nevada Constitution;<br><br>4) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018;<br><br>5) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050; and<br><br>6) Breach of Contract.<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiffs CARIENE CADENA and ANDREW GONZALES on behalf of themselves and all other similarly situated and typical persons and allege the following:

- 1 -
SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

All allegations in the Complaint are based upon information and belief except for those allegations that pertain to the Plaintiffs named herein and their counsel. Each allegation in the Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**JURISDICTION AND VENUE**

1. The Court has original jurisdiction over both state and federal claims alleged herein. The Court has original jurisdiction over the state law claims alleged herein because the amount in controversy exceeds $10,000 and a party seeking to recover unpaid wages has a private right of action pursuant to Nevada Revised Statute ("NRS") sections 608.050, 608.250, and 608.140. *See Neville v. Eighth Judicial Dist., Terrible Herbst, Inc.,* 133 Nev. Adv. Op. 95 (Dec. 7, 2017), 406 P.3d 499 (2017). The Court has jurisdiction over the federal claims alleged herein pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. Plaintiffs seek to recover unpaid wages due pursuant to Nevada statutory authority and pursuant to an agreement (implied by law and fact) to pay for all hours worked and/or under the wage laws of the State of Nevada. Plaintiffs therefore have a private right of action pursuant to Nevada Revised Statute ("NRS") Sections 608.040 and 608.140 as well as a claim for at least minimum wages for all hours worked "off-the-clock" pursuant to Section 16 of Article 15 of the Nevada State Constitution. Plaintiffs made a proper demand for wages due pursuant to NRS 608.140 and by agreement of the parties.

3. Venue is proper in the Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in the judicial district and many of the acts complained of herein occurred in Clark County, Nevada.

**PARTIES**

4. Plaintiff CAREINE CADENA (hereinafter "Plaintiff" or "Ms. CADENA") is a natural person who is and was a resident of the State of Nevada and had been employed by Defendants as a non-exempt hourly employee in its Las Vegas facility during the relevant time period alleged herein.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

5. Plaintiff ANDREW GONZALES (hereinafter "Plaintiff" or "Mr. GONZALES") is a natural person who is and was a resident of the State of Nevada and had been employed by Defendants as a non-exempt hourly employee in its Las Vegas facility during the relevant time period alleged herein.

6. Defendant CUSTOMER CONNEXX LLC (hereinafter "Customer Connexx" or "Defendant") is a Domestic Limited Liability Company whose managing member is JANONE INC., located at 325 E. Warm Springs Road, Suite 102, Las Vegas, Nevada, 89119. Defendant is an employer engaged in commerce under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and is an employer under NRS 608.011.

7. Defendant JANONE (hereinafter "JanOne") is a Domestic Corporation, formerly known as ARCA, Inc. and is located at 325 E. Warm Springs Road, Suite 102, Las Vegas, Nevada, 89119. Defendant is an employer engaged in commerce under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and is an employer under NRS 608.011.

8. At all relevant times, each Defendant was an agent, employee, joint-venturer, shareholder, director, member, co-conspirator, alter ego, master, or partner of each of the other Defendants, and at all times mentioned herein were acting within the scope and course and in pursuance of his, her, or its agency, joint venture, partnership, employment, common enterprise, or actual or apparent authority in concert with each other and the other Defendants.

9. At all relevant times, the acts and omissions of Defendants concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein. At all relevant times herein, Defendants approved of, condoned and/or otherwise ratified each and every one of the acts or omissions complained of herein. At all relevant times herein, Defendants aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages as herein alleged.

10. The identity of DOES 1-50 is unknown at this time and the Complaint will be amended at such time when the identities are known to Plaintiffs. Plaintiffs are informed and

believe that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," "Customer Connexx," or "JanOne" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

11. JanOne was formed in 2019 and was formerly known as ARCA, Inc. and is headquartered in Las Vegas, Nevada. *See* https://janone.com/our-company/ last visited 10/6/20.

12. Customer Connexx is a wholly-owned subsidiary of JanOne, and operates as a customer-care and contact center providing scheduling and customer service support for JanOne's various utility programs and ventures.

13. Upon information and belief, Customer Connexx, and JanOne jointly and separately exercise control over the hours and other working conditions of Plaintiffs and all similarly-situated hourly employees.

14. Plaintiffs were employed by Defendants as a call center employees at their Las Vegas call center location.

15. Plaintiff Cadena was employed from on or about August 2017 to on or about March 2018. Plaintiff Cadena's hourly rate of pay was approximately $16.40 per hour.

16. Plaintiff Gonzales was employed from on or about January 16, 2017 to on or about November 9, 2018. Plaintiff Gonzales' rate of pay was approximately $14.28 per hour.

17. Plaintiffs were scheduled for, and regularly worked, at least 5 shifts per week, 8 hours per shift, and 40 hours per workweek. Plaintiffs regularly worked various schedules and worked overtime hours depending on the needs of the employer.

18. In their roles as a call center employees, Plaintiffs had to perform work activities before clocking-in and after clocking-out (i.e., "off-the-clock") and were not compensated for engaging in those activities. At the beginning of the day, Plaintiffs were required to boot up their computer, load numerous programs to be used during their workday, and confirm that their phone was connected and ready to accept calls. Plaintiffs estimate that it took approximately 10 to 20 minutes to perform these work-related activities prior to clocking in.

19. At the end of their workday, Plaintiffs were then required to clock out of the timekeeping system, shut down the various programs used during the workday, power off the computers, and wait to confirm that all systems were successfully powered down prior to leaving. Plaintiffs estimate it took approximately six to eight minutes to perform these activities after clocking out.

20. For example, Ms. Cadena recalls that during the last full workweek in August, she worked a full 40-hour workweek, plus overtime, but was not paid for the boot-up/log-in time nor was he paid for the log-off/boot down time. Plaintiff Cadena is informed and believes that she was paid for 40 hours of work for work performed during her regular shift hours but was not paid anything for time spent performing the pre- and post-shift activities described above. Defendants thus owe Plaintiff wages (both in the form of overtime, regular rate, and minimum wages) for 15 minutes pre-shift and six minutes post shift per day, for a total of 21 minutes for each of the five shifts worked during that workweek. In other words, Defendants owe Plaintiff $43.05 in overtime wages for this workweek alone ($16.40 X .5 = $8.20 + $16.40 = $24.60 [overtime rate] divided by 60 minutes = .41 per minute X 21 minutes = $8.61 [per shift] X 5 shifts = $43.05).

21. For example, Mr. Gonzales recalls during the end of August or early part of September 2017 he worked a full 40-hour workweek and incurred overtime during Customer Connexx's switch of payroll systems where he was not paid for the boot-up/log-in time nor was he paid for the log-off/boot down time. Plaintiff Gonzales is informed and believes that he was paid for 40 hours of work for work performed during his regular shift hours but was not paid anything for time spent performing the pre- and post-shift activities described above. Defendants thus owe Plaintiff wages (both in the form of overtime, regular rate, and minimum wages) for approximately 20 minutes pre-shift and approximately eight minutes post shift per day, for a total of approximately 28 minutes for each of the five shifts worked during that workweek. In other words, Defendants owe Plaintiff $49.98 in overtime wages for this workweek alone ($14.28 X .5 = $7.14 + $14.28 = $21.42 [overtime rate] divided by 60 minutes = .357 per minute X 28 minutes = $9.996 [per shift] X 5 shifts = $49.98).

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

22. Upon information and belief, all call center employees employed by Defendants were similarly required to perform these same pre- and post-shift activities without compensation.

23. The off-the-clock work requirements alleged herein caused Plaintiffs and all other similarly situated employees to work regular time and overtime for which they were either not compensated or not properly compensated by Defendants. To the extent Plaintiffs and other employees worked more than 8 hours a day or 40 hours a week, the unpaid time should have been paid at a rate of one-and-one-half times their regular rate of pay as required by law.

24. Like all agreements, Defendants' agreement with its employees includes, expressly and/or implicitly, an agreement to comply with all state and federal laws, and in particular, the labor laws of the State of Nevada.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

25. Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

26. Plaintiffs bring this action on behalf of themselves and all other similarly situated and typical employees as both a collective action under the FLSA and a true class action under Nevada law, on behalf of the classes defined as follows:

    A. **FLSA CLASS:** All hourly paid call center employees employed by Defendants in the United States at any time during the relevant time period alleged herein.

    B. **NEVADA CLASS:** All hourly paid call center employees employed by Defendants in the state of Nevada at any time during the relevant time period alleged herein.

    C. **WAGES DUE AND OWING CLASS:** All members of the NEVADA CLASS who are former employees.

27. With regard to the conditional certification mechanism under the FLSA, Plaintiffs are similarly situated to those that they seek to represent for the following reasons, among others:

A. Defendants employed Plaintiffs as hourly employees who did not receive their regular rate of pay for all hours that Defendants suffered or permitted them to work, did not receive the required minimum wage for work performed for Defendants, and did not receive overtime premium pay of one and one half their regular rate of pay for all hours worked over forty (40) hours in a workweek.

B. The Plaintiffs' situation is similar to those they seek to represent because Defendants failed to pay Plaintiffs and all other FLSA Class Members for all the time they were required to work, including time spent performing pre-shift and post-shift work activities without compensation after the work day had begun.

C. Common questions exist as to: Whether the time spent by Plaintiffs and all other FLSA Class Members engaged in pre-shift and post-shift activities is compensable under federal law; and Whether Defendants failed to pay Plaintiffs and FLSA Class Members one and one half times their regular rate for all hours worked in excess of 40 hours a week.

D. Upon information and belief, Defendants employ, and have employed, in excess of 100 Class Members within the applicable statute of limitations.

E. Plaintiffs have signed Consent to Sue forms, which are attached to the Complaint as Exhibit "A". Consent to sue forms are not required for state law claims under Rule 23 of the Federal Rules of Civil Procedure.

28. Rule 23 Class treatment is appropriate in the case for the following reasons:

A. <u>The Class is Sufficiently Numerous</u>: Upon information and belief, Defendants employ, and have employed, in excess of 100 NEVADA Class Members within the applicable statute of limitations. Because Defendants are legally obligated to keep accurate payroll records, Plaintiffs allege that Defendants' records will establish the identity and ascertainably of members of the NEVADA Class as well as their numerosity.

B. <u>Plaintiffs' Claims are Typical to Those of Fellow Class Members</u>: Each NEVADA Class Member is and was subject to the same practices, plans, and/or policies

as Plaintiffs, as follows: Defendants required Plaintiffs and NEVADA Class Members to engage in pre- and post-shift activities without compensation; Defendants failed to pay Plaintiffs and NEVADA Class Members at their regular rate for all time spent on the above referenced activity, and if applicable time and one-half their regular rate if they worked in excess of 40 hours in a workweek or, if paid a base rate of less than one and one-half the minimum wage, then failed to pay a premium rate of one and one-half their regular rate if they worked more than 8 hours in a day; and Defendants failed to pay Plaintiffs and WAGES DUE AND OWING Class Members all wages due and owing at the time of their termination or separation from employment.

C. <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiffs and the Class, including, without limitation the following: Whether the time spent by Plaintiffs and NEVADA Class Members engaging in pre-shift activities is compensable under federal and Nevada law; (3) Whether Defendants failed to pay a premium rate of one and one-half times their regular rate for all hours worked in excess of 40 hours a week, and if they were paid less than one and one-half the minimum wage, then for all hours worked in excess of 8 hours a day; Whether Plaintiffs and NEVADA Class Members were compensated for "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee" pursuant to the Nevada Administrative Code ("NAC") 608.115(1), and NRS 608.016; and Whether Defendants delayed final payment to Plaintiffs and WAGES DUE AND OWING Class Members in violation of NRS 608.020-050.

D. <u>Plaintiffs Are Adequate Representatives of the Class</u>: Plaintiffs will fairly and adequately represent the interests of the Classes because Plaintiffs are members of the Classes, they have issues of law and fact in common with all members of the Classes, and they do not have any interests antagonistic to Class Members. Plaintiffs and counsel are aware of their fiduciary responsibilities to Class Members and are

1  determined to discharge those duties diligently and vigorously by seeking the maximum
2  possible recovery for Class Members as a group.

3        E.    <u>Predominance/Superior Mechanism</u>: Common questions of whether
4  Plaintiffs and putative class members were compensated according to state and federal
5  law predominate over individual questions.  A class action is superior to other available
6  means for the fair and efficient adjudication of their controversy. Each Class Member
7  has been damaged and is entitled to recovery by reason of Defendants' illegal policy
8  and/or practice of failing to compensate its employees in accordance with federal and
9  Nevada wage and hour law. The prosecution of individual remedies by each Class
10 Member will be cost prohibitive and may lead to inconsistent standards of conduct for
11 Defendants and result in the impairment of Class Members' rights and the disposition of
12 their interest through actions to which they were not parties.

## FIRST CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiffs and all members of the FLSA CLASS)

16      29.    Plaintiffs reallege and incorporate by reference all the paragraphs above in the
17  Complaint as though fully set forth herein.

18      30.    29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided
19  in the section, no employer shall employ any of his employees who in any workweek is engaged
20  in commerce or in the production of goods for commerce, or is employed in an enterprise
21  engaged in commerce or in the production of goods for commerce, for a workweek longer than
22  forty hours unless such employee receives compensation for his employment in excess of the
23  hours above specified at a rate not less than one and one-half times the regular rate at which he
24  is employed."

25      31.    By failing to compensate Plaintiffs and FLSA Class Members for time spent
26  engaging in pre-and post-shift activities, Defendants failed to pay Plaintiffs and FLSA Class
27  Members overtime for all hours worked in excess of forty (40) hours in a week in violation of
28  29 U.S.C. Section 207(a)(1).

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

32. Defendants' unlawful conduct has been widespread, repeated, and willful. Defendants knew or should have known that their policies and practices have been unlawful and unfair.

33. Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendants pay Plaintiffs and FLSA Class Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

(On Behalf of Plaintiffs and all members of the NEVADA CLASS)

34. Plaintiffs reallege and incorporate by the reference all the paragraphs above in the Complaint as though fully set forth herein.

35. NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of her or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the Plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." Plaintiffs have made a demand for unpaid wages upon Defendants pursuant to NRS 608.140 but satisfactory payment was not received.

36. NRS 608.016 states that "An employer shall pay to the employee wages for each hour the employee works." Hours worked means any time the employer exercises "control or custody" over an employee. *See* NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee."). Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including

time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

37. By failing to compensate Plaintiffs and NEVADA Class Members for the time spent engaging in pre-and post-shift, Defendants failed to pay Plaintiffs and NEVADA Class Members for all hours worked in violation of NRS 608.140 and 608.016.

38. Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations of NRS 608.140 and 608.016 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

39. Wherefore, Plaintiffs demand for themselves and for the NEVADA Class Members payment by Defendants at the regular hourly rate of pay for all hours worked during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

## THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wages in Violation of the Nevada Constitution**

(On Behalf of Plaintiffs and all members of the NEVADA CLASS)

40. Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

41. Article 15 Section 16 of the Nevada Constitution sets forth the requirements the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of the section may not be waived by agreement between an individual employee and an employer. . . .  An employee claiming violation of the section may bring an action against her or her employer in the courts of the State to enforce the provisions of the section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of the section, including but not limited to back pay, damages, reinstatement or injunctive relief.  An employee who prevails in any action to enforce the section shall be awarded her or her reasonable attorney's fees and costs."

42. By failing to compensate Plaintiffs and all other members of the NEVADA Class for the time spent engaging in pre-and post-shift activities, Defendants failed to pay Plaintiffs and NEVADA Class Members for all hours worked in violation of the Nevada Constitution.

43. Wherefore, Plaintiffs demand for themselves and for the NEVADA Class Members payment by Defendants at their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all hours worked during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018**

(On Behalf of Plaintiffs and all members of the NEVADA CLASS)

44. Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

45. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

46. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

47. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

48. By failing to compensate Plaintiffs and all other members of the NEVADA Class for the time spent engaging in pre and post-shift activities, Defendants failed to pay Plaintiffs and NEVADA Class Members daily overtime premium pay to those NEVADA Class Members who were paid a regular rate of less than one and one-half times the minimum wage premium pay and, failed to pay a weekly premium overtime rate of pay of time and one half their regular rate for all members of the NEVADA Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

49. Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations for failure to pay overtime rates of pay pursuant to NRS 608.140 and 608.018 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

50. Wherefore, Plaintiffs demand for themselves and for the NEVADA Class Members payment by Defendants at one and one-half times their "regular rate" of pay (inclusive of the incentive plan payments) for all hours worked in excess of eight (8) hours in a workday for those class members whose regular rate of pay did not exceed the one and one-half the minimum wage set by law, and premium overtime rate of one and one-half their regular rate for all class members who worked in excess of forty (40) hours a workweek during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

## FIFTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050**

(On Behalf of Plaintiffs and the WAGES DUE AND OWING CLASS)

51. Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

52. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

53. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

54. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

55. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

56. By failing to pay Plaintiffs and all members of the NEVADA Class for all hours worked in violation of state and federal law, at the correct legal rate, Defendants have failed to timely remit all wages due and owing to Plaintiffs and all members of the WAGES DUE AND OWING Class.

57. Despite demand, Defendants willfully refuse and continue to refuse to pay Plaintiffs and all WAGES DUE AND OWING Class Members.

58. Wherefore, Plaintiffs demand thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, all members of the WAGES DUE AND OWING Class together with attorneys' fees, costs, and interest as provided by law.

## SIXTH CAUSE OF ACTION

### Breach of Contract

(On Behalf of Plaintiffs and the NEVADA CLASS)

59. Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

60. At all times relevant herein, Defendants had an agreement with Plaintiffs and with every NEVADA Class Member to pay an agreed upon hourly wage rate for all hours they worked for Defendants. Indeed, Defendants offered to pay Plaintiffs and NEVADA Class Members a specific rate of pay in exchange for Plaintiffs and NEVADA Class Members' promise to perform work for Defendants.

61. The parties' employment agreement necessarily incorporated all applicable provisions of both state and federal law, including the labor laws of the State of Nevada.

62. Defendants beached their agreement with Plaintiffs and NEVADA Class Members by failing to compensate them for all hours worked, namely, for hours spent performing work activities off-the-clock at the agreed upon rate of pay.

63. As a result of Defendants' breach, Plaintiffs and NEVADA Class Members have suffered economic loss that includes lost wages and interest.

64. Wherefore, Plaintiffs demand for themselves and for NEVADA Class Members that Defendants pay Plaintiffs and NEVADA Class Members their agreed upon rate of pay for all hours worked off the clock during the relevant time period alleged herein together with attorney's fees, costs, and interest as provided by law.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial pursuant to Nevada Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

Wherefore Plaintiffs, individually and on behalf of Class Members, pray for relief as follows relating to her collective and class action allegations:

1. For an order conditionally certifying the action under the FLSA and providing notice to all members so they may participate in the lawsuit;
2. For an order certifying the action as a traditional class action under Federal Rule of Civil Procedure Rule 23 on behalf of each proposed class;
3. For an order appointing Plaintiffs as the Representatives of each class and her counsel as Class Counsel for each class;
4. For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week;
5. For liquidated damages pursuant to 29 U.S. C. § 216(b);
6. For damages according to proof for regular rate pay under NRS 608.140 and 608.016 for all hours worked;
7. For damages according to proof for minimum wage rate pay under the Nevada Constitution for all hours worked;

8. For damages according to proof for overtime compensation under NRS 608.140 and 608.018 for all hours worked for those employees who earned a regular rate of less than one and one-half times the minimum wage for hours worked in excess of 8 hours per day and/or for all class members for overtime premium pay of one and one-half their regular rate for all hours worked in excess of 40 hours per week;

9. For sixty days of waiting time penalties pursuant to NRS 608.140 and 608.040-.050;

10. For damages pursuant to Defendant's breach of contract;

11. For interest as provided by law at the maximum legal rate;

12. For reasonable attorneys' fees authorized by statute;

13. For costs of suit incurred herein;

14. For pre-judgment and post-judgment interest, as provided by law; and

15. For such other and further relief as the Court may deem just and proper.

DATED: November 2, 2020                     Respectfully Submitted,

                                                                         **THIERMAN BUCK LLP**

                                                                         /s/ *Leah L. Jones*
                                                                         Mark R. Thierman
                                                                         Joshua D. Buck
                                                                         Leah L. Jones

                                                                         Attorneys for Plaintiffs

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## PROOF OF SERVICE

I hereby certify that I electronically transmitted the foregoing **SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Paul T. Trimmer<br>**JACKSON LEWIS**<br>trimmerp@jacksonlewis.com<br>300 South Fourth Street, Suite 900<br>Las Vegas, NV 89101 | Veronica T. von Grabow<br>**JACKSON LEWIS**<br>veronica.vongrabow@jacksonlewis.com<br>950 17th Street, Suite 2600<br>Denver, CO 80202 |

Dated this 2nd day of November 2020.

                           */s/ Brittany Manning*
                           An Employee of Thierman Buck LLP

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**INDEX OF EXHIBITS**

| Exhibit A | Consents to Sue |

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com