**THIERMAN BUCK, LLP**
Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar. No. 12225
joshh@thiermanbuck.com
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

**JACKSON LEWIS P.C.**
Paul T. Trimmer, Nev. Bar No. 9291
trimmerp@jacksonlewis.com
3800 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
Tel: (702) 921-2460

Veronica T. Hunter,
*admitted pro hac vice*
Veronica.Hunter@jacksonlewis.com
717 Texas Ave., Suite 1700
Houston, TX 770022
Tel: (713) 650-0404

*Attorneys for Defendant Customer Connexx LLC; JANONE Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CARIENE CADENA and ANDREW GONZALES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CUSTOMER CONNEXX LLC; JANONE, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-00233-APG-DJA<br><br>**JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER PURSUANT TO ORDER ON MANDATE (ECF NO. 124)** |

Pursuant to the Court's Order (ECF No. 124), Plaintiffs CARIENE CADENA and ANDREW GONZALES ("Plaintiffs"), by and through their counsel of record THIERMAN BUCK, LLP, and Defendants CUSTOMER CONNEXX LLC; JANONE, INC., by and through their counsel of record, JACKSON LEWIS, P.C., hereby submit this Joint Status Report and Proposed Scheduling Order.

I. **PROCEDURAL HISTORY**

The original Collective and Class Action Complaint was filed in the District Court, Clark County Nevada on January 3, 2018. This is a wage and hour case brought as a collective action pursuant to the Fair Labor Standards Act ("FLSA") and class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 for the alleged failure to pay non-exempt hourly employees the proper wages and applicable overtime premium pay for unpaid computer boot up/log in and log off/boot down time. By leave of this Court, the Complaint in this action has been amended twice, first on January 17, 2017 to substitute named Plaintiffs (ECF No. 46) and second, on November 2, 2020, to add JanOne as a Defendant. (ECF No. 86, operative Second Amended Complaint, hereinafter "Complaint.") The Complaint alleges six causes of action: (1) failure to pay overtime in violation of 29 U.S.C. § 207; (2) failure to compensate for all hours worked in violation of NRS 608.140 and 608.016; (3) failure to pay minimum wages in violation of the Nevada Constitution; (4) failure to pay overtime in violation of NRS 608.140 and 608.018; (5) failure to timely pay all wages due and owing in violation of NRS 608.010-.050; and (6) breach of contract. A jury trial was demanded.

The Court granted Plaintiff's Motion for Circulation and Notice, pursuant to the federal Fair Labor Standards Act ("FLSA") 216(b) on May 13, 2019. (ECF Nos. 28, 30.) Notice was sent to potential members of the collective action on June 5, 2019, with the 90-day opt-in period ending on September 3, 2019. Thereafter, consents to join the suit were filed by (1) Amber Miller, (2) Donna Alford, (3) Marguerite Sigmon, (4) Ariel Wilcox, (5) Brandon Cadena, (6) Clarrissa Dix, (7) Nathan Schavers, (8) Krystal Paynther, (9) Kevin Kinyon, (10) Judith Cummings, (11) Kenya Mills, (12) Dawn Pratt, (13) Steve Somodi, (14) Rossalind Saxton, (15) Thomas Johnson, (16) Diana Giraldo, (17) Richard Ortiz, (18) Mary Smith, and (19) Danielle Curley. (ECF Nos. 35, 43, 49.) Ariel Wilcox subsequently withdrew her consent. (ECF No. 61.) The claims of Thomas Johnson, Amber Miller, and Mary Smith were dismissed because they failed to respond to discovery. (ECF No. 71.) Thus, there are 15 Opt-in Plaintiffs out of a class list dated June 2019 of 183 persons who received notice, plus the two Named Plaintiffs.

1      Due to the unique circumstances and issues created by COVID-19, the Parties jointly filed and the Court granted a request to extend the discovery deadlines previously set. (ECF No. 59.) Discovery closed on August 25, 2020. (*Id.*) No trial date has been set. (*Id.*)

       As of January 13, 2021, there were several motions pending before the Court: Plaintiffs' motion for a writ of attachment (ECF No. 73); Plaintiffs' motion to certify a class pursuant to FRCP 23 for the state law wage and overtime claims (ECF No. 77); Defendants' motion for summary judgment on the merits (ECF No. 78); JanOne's motion for summary judgment on the issue of whether it is the plaintiffs' employer (ECF No. 79); Defendants' motion to decertify the FLSA collective action (ECF No. 80); and Defendants' motion to strike the declaration and reports of Plaintiffs' expert (ECF No. 91).

       On July 12, this Court entered an Order denying Plaintiffs' motion for write of attachment (ECF No. 111.) On July 21, 2021, this Court entered an Order: (1) denying Defendants' motion to decertify the collective, (2) granting Defendants' motion for summary judgment as to the compensability of boot up/log-in and log-off/boot down time under the Portal-to-Portal Act amendments of the FLSA, and (3) denying as moot and without prejudice: (a) JanOne's motion for summary judgment, (b) Defendant's motion to strike, and (c) Plaintiffs' motion for class certification on Plaintiffs' Nevada wage and hour claims. (ECF No. 112.) Plaintiffs' request to reconsider was denied. (ECF No. 116.) Plaintiffs' appealed to the Court of Appeals for the Ninth Circuit and oral argument was heard on June 14, 2022.

       On October 24, 2022 the Court of Appeals of the Ninth Circuit, reversed on the compensability of boot up/log in activities under the Portal-to-Portal Act amendments of the FLSA, and remanded to this Court to determine "whether time spent shutting down computers is compensable, whether the time spent booting up and down the computers is not compensable under the *de minimis* doctrine, and whether Connexx had no knowledge of the alleged overtime such that it is not in violation of 29 U.S.C. § 207." (ECF No. 121 at 20.)

II.    **<u>PROPOSED SCHEDULING ORDER</u>**

## A. Defendants' Position

The Court's Order on Mandate (ECF No. 124) directed the parties to submit either a stipulated plan or alternative proposals on how to proceed on the issues remanded by the Ninth Circuit, including whether a trial or evidentiary hearing is needed to resolve the remanded issues and a schedule for briefs and hearing. The issues remanded to this Court include, "whether time spent shutting down computers is compensable, whether the time spent booting up and down the computers is not compensable under the *de minimis* doctrine, and whether Connexx had no knowledge of the alleged overtime such that it is not in violation of 29 U.S.C. § 207." (ECF No. 121 at 20.)

The remanded issues can be resolved through the motions already fully briefed and submitted to this Court. In connection with Defendants' Motion for Summary Judgment (ECF No. 78), the parties fully briefed whether (a) time spent shutting down computers was not compensable, (b) the time at issue was not compensable under the *de minimis* doctrine, and (c) that Connexx had no knowledge of the alleged overtime. The Court previously did not reach these issues because it ruled on the preliminary/postliminary ground under the Portal-to-Portal Act amendments to the FLSA. Defendants maintain there is no genuine issue of material fact regarding these issues, and the Court should enter summary judgment as a matter of law. Accordingly, no additional briefing, trial, or evidentiary hearing is needed to resolve them.

In addition to Defendants' Motion for Summary Judgment (ECF No. 78), the following motions are fully briefed and submitted to this Court:

(a) JanOne's motion for summary judgment as to whether or not it employed Plaintiffs (ECF No. 79);

(b) Defendants' motion to strike Plaintiffs' expert declaration and report (ECF No. 91); and

(c) Plaintiffs' motion for FRCP Rule 23 class certification on Plaintiffs' Nevada wage and hour claims (ECF No. 77).

No additional briefing, trial, or evidentiary hearing is needed to resolve the matters raised in the motions. The Court should decide in what order to rule on the motions as it deems appropriate.

After the Court rules on the motions, Defendant's propose the parties confer and submit a further proposed schedule to resolve remaining matters, if any, including pre-trial order, final pre-trial conference, and trial.

Defendants submit to the extent Plaintiffs insist on refiling motions (presumably along with their voluminous exhibits, briefs, response briefs, and reply briefs), it should be rejected, especially given that the facts have not changed and none of the Parties anticipate needing to modify their briefs. Refiling motions, briefs, and exhibits – which are already on the record - is not necessary, would entail a valueless exercise of the Parties' time and expense, and will add needless clutter to the record. Defendants also submit that Plaintiffs' proposal would needlessly prolong this litigation, which has been ongoing for nearly five years.

### B.  Plaintiffs' Position

This Court denied the above motions as moot and thus it is Plaintiffs' position that each motion will need to be refiled. Although Plaintiffs do not anticipate, at this time, additional drafting or analysis will need to be added to their briefing, Plaintiffs do not agree that the Court should decide the motions previously briefed until Plaintiffs' motion for FRCP 23 class certification has been refiled and decided by the Court. Particularly, Plaintiffs assert that Plaintiffs' FRCP 23 motion must be ruled on prior to any ruling on substantive and/or dispositive motions to prevent any issues with one-way intervention[1] of putative class members.

Plaintiffs request, either:

---

[1] Plaintiffs have asked Defendants whether they are willing to waive one-way intervention but they have not as of this date agreed. Indeed, Defendants should agree that the issue of one-way intervention through a ruling on FRCP 23 class status be determined prior to any substantive/dispositive motions so that "members of a class not yet certified can wait for the court's ruling on summary judgment" and then decide whether to be bound. *See Villa v. San Francisco Forty-Niners, LTD.,* 104 F. Supp. 3d 1017, 1021 (N. D. Cal. 2015).

    a)    The Court set a status hearing as soon as practicable and at the Court's convenience should the Court require additional argument from the Parties; OR

    b)    The Court issue a minute order setting forth whether Plaintiffs' FRCP 23 motion should be refiled and ruled upon prior to any refiling of: (i) Defendants' Motion for Summary Judgment (previously filed as ECF No. 78); (ii) JanOne's motion for summary judgment as to whether or not it employed Plaintiffs (previously filed as ECF No. 79); (iii) Defendants' motion to strike Plaintiffs' expert declaration and report (previously filed as ECF No. 91); AND

    c)    If the Court agrees that Plaintiffs should refile their FRCP class certification motion, Plaintiffs shall file it withing seven (7) calendar days of the Court's potential minute order.

**Dispositive Motions.** Because the viability and scope of any FRCP 23 class action has yet to be decided by the Court, Plaintiffs propose that should the Court grant FRCP 23 class certification, dispositive motions will be filed no later than thirty (30) days after the close of the FRCP opt-out period. Should the Court deny class certification, dispositive motions shall be filed no later than thirty (30) days after the Court enters its Order denying FRCP 23 class certification.

/ / /

/ / /

/ / /

**Pre-Trial Order.**  Because the viability and scope of the FRCP 23 class action has not been decided by the Court, Plaintiffs propose that the pre-trial order shall be filed no later than fourteen (14) days after the Court rules on all dispositive motions.

Respectfully submitted,

Dated:  December 16, 2022                                   Dated:  December 16, 2022

**THIERMAN BUCK LLP**                                        **JACKSON LEWIS P.C**.

/s/   Leah L. Jones                                         /s/   Veronica T. Hunter
Mark R. Thierman, Esq.                                      Veronica T. Hunter,
Nevada Bar No. 8285                                         *admitted pro hac vice*
Joshua D. Buck, Esq.                                        Veronica.Hunter@jacksonlewis.com
Nevada Bar No. 12187                                        717 Texas Ave., Suite 1700
Leah L. Jones, Esq.                                         Houston, TX 770022
Nevada Bar No. 13161
Joshua R. Hendrickson                                       Paul T. Trimmer, Nev. Bar No. 9291
Nevada Bar No. 12225                                        trimmerp@jacksonlewis.com
7287 Lakeside Drive                                         3800 Howard Hughes Pkwy., Suite 600
Reno, Nevada 89511                                          Las Vegas, NV 89169

*Attorneys for Plaintiffs*                                  *Attorneys for Defendant Customer Connexx LLC; JANONE Inc.*